# Patterson & Co. v. Jones.

*Statutory Detinue for Mule.*

1. *Proof of registered conveyance.*—The statute which makes "conveyances of property," duly acknowledged or proved, and recorded within twelve months from date, admissible as evidence without further proof of execution (Code, § 1798), applies to a mortgage of personalty.

APPEAL from the Circuit Court of Wilcox.

Tried before the Hon. H. C. SPEAKE.

This action was brought by the appellants, suing as partners, against J. Paul Jones, to recover a mule, with damages for its detention; and was commenced on the 19th April, 1889. The defendant pleaded *non detinet*, and issue was joined on that plea. On the trial, as the bill of exceptions shows, the plaintiffs claimed the mule under a mortgage for advances executed to them by one Daniel Edge, which was dated February 4th, 1887, proved by one of the subscribing witnesses, before a justice of the peace, on the 17th February, and duly filed for record and recorded on the 19th February, 1887. The plaintiffs produced the mortgage, and offered it in evidence, with the indorsements showing its proof and registration; but the court excluded it, on objection by the defendant, unless proof of its execution was made. The plaintiff excepted to this ruling, and thereupon took a non-suit; which they here move to set aside, assigning as error the exclusion of the mortgage as evidence.

J. N. MILLER, for appellants.

JONES & JONES, *contra*, cited 4 Amer. & Eng. Encyc. Law, 132; 21 Barb. 551; 29 Conn. 356; *Askew v. Steiner*, 76 Ala. 218; *Dudley v. Sumner*, 5 Mass. 438; 1 Bouv. Law Dic., *Conveyance*.

McCLELLAN, J.—The sole question presented for our consideration on this appeal is, whether a mortgage of personalty is a "conveyance of property," within the meaning

of section 1798, Code of 1886, and as such entitled, when acknowledged or proved according to law, and recorded within twelve months from its date, to be received in evidence without further proof of execution.

The first statute on the subject appears to have been that of 1803, which, as codified, became a part of Clay's Digest at pages 151 *et seq.* So much of this act as is important for us to consider is in the following language: "If any deed or conveyance of lands, tenements or hereditaments, lying and being in this State, heretofore made and executed, and not already acknowledged or proved according to law, or hereafter to be made and executed, shall be acknowledged by the party or parties who shall have executed it; or it be proved by one or more of the subscribing witnesses to it, that such party or parties signed, sealed and delivered the same as his, her, or their voluntary act and deed, before one of the judges of the superior courts of this State, or judge of the county court of that county in which the lands, tenements and hereditaments are situated; and if a certificate of such acknowledgment or proof shall be written upon or under the said deed or conveyance, and be signed by the person before whom it was made; then every such deed or conveyance, so acknowledged, or proved and certified, shall be received in evidence in any court of this State, as if the same were then and there produced and proved." Section 2 of the act provides that no such conveyance shall be recorded, "unless the execution of the same shall have first been acknowledged, or proved and certified, in the manner herein directed." The only reference in this statute to personal property is that found in section 32, where provision is made for the entry of satisfaction of "any mortgage of real or personal estate," upon the margin of the record thereof. Acts of January 11th and 15th, 1828, provided for the registration of deeds and patents, including conveyances of personal property to secure the payment of debts, and required that "such deeds and conveyances of personal estate shall be proved or acknowledged as deeds and conveyances of real estate.—Clay's Digest, pp. 254-257. But they contained no provision expressly admitting conveyances of personalty, so proved or acknowledged and recorded, in evidence without further proof of their execution.

The commissioners appointed under act of 1850 to prepare a new Code of statute law for the State, finding the law in

this condition, and presenting something of an anomaly in the admission in evidence of a conveyance of real estate on less stringent proof of its execution than was required as to a conveyance of personalty, incorporated section 1275 in the Code of 1852, and therein provided that "conveyances of any property, whether absolute or on condition, which are acknowledged or proved according to law, and recorded within twelve months from their date, may be received in evidence in any court without further proof," &c. It can scarcely admit of serious doubt, in view of the fact that theretofore conveyances of realty—"lands, tenements or hereditaments"—bearing a certificate of acknowledgment or proof, were self-proving, and conveyances of personalty, similarly acknowledged or proved and certified, were not self-proving, that it was the purpose of the commissioners who prepared the Code, and of the legislature which adopted it, to wipe out this senseless distinction; and language more apt to the accomplishment of that purpose—the substitution of the words "any property," for the terms "lands, tenements or hereditaments," and "personal property," theretofore employed in statutes on the subject of the acknowledgment and record of conveyances—could not be conceived. The term "any" could have no other office to perform, in the connection in which it is thus used, than to emphasize the inclusion of personalty in the statute, and to exclude the contrary construction. The identical language of section 1275 of the Code of 1852 was employed in section 1544 of the Revised Code; but the commissioners who prepared the Code of 1876, not having the necessity for emphasizing the inclusion of personalty brought to their minds, as it was presented to the commissioners of 1852 by the condition of pre-existing law with which the latter had to deal, omitted the word "any."—Code, 1876, § 2154. And with this omission, which very clearly does not import an intention to change the meaning of the statute, the original section of the Code of 1852 became section 1798 of the Code of 1886.

This resume of the history of the enactment under consideration, we think, demonstrates that a mortgage of personal property is a "conveyance of property" within the meaning of the present statute, admitting such conveyances in evidence without further proof of execution, when they have been acknowledged, or proved, and recorded as required by law. This conclusion is supported by section 2 of the Code,

[Tutwiler v. Tuskaloosa Coal, Iron and Land Co.]

found also in all previous codifications, which provides that the word "property," whenever used in the Code, "includes property real and personal," unless otherwise apparent from the context. Moreover, the section under consideration is a part of an article devoted to the registration, acknowledgment and probate of conveyances generally, in which, whenever provision is made which applies only to realty or to personalty, as the case may be, the purpose to so limit its application is expressed, and in those instances where the provision may with equal propriety relate to both species of property, the subject-matter is spoken of as "property," without more. But, aside from all this, the main argument against the conclusion we have attained, is based upon the technical definition of the term "conveyance," which, it may be admitted, in strict legal parlance is most aptly employed with respect to realty; but that it has the broader significance in this connection, is demonstrated by the fact of its repeated use in the Code of Alabama, and particularly in the title, chapter and article which contains section 1798, solely in relation to personal property.—See §§ 1805, 1806, 1807, 1808, 1814, 1815, 1816, 1819.

It follows that, in our opinion, the Circuit Court erred in excluding the mortgage offered in evidence from the jury, the only objection to its competency being that it was not self-proving under the statute referred to.

The judgment is, therefore, reversed, the non-suit set aside, and the cause restored to the docket.