# Dodd *v.* The State.

*Indictment for Carrying Concealed Weapons..*

1. *Trial by court without jury; revision of finding on facts; admission of illegal evidence.*—When a criminal case is submitted to the decision of the court without a jury, as authorized by special statute, the finding of the court is equivalent to the verdict of a jury, and is not subject to review unless the statute authorizes it; nor can it be reviewed, even when the statute authorizes a review, unless the bill of exceptions sets out all the evidence; and all the evidence not being set out, the admission of illegal evidence, against objection, will work a reversal.

[Dodd v. The State.]

2. *Conversations between third persons as evidence.*—Conversations between third persons, tending to implicate the defendant, but not had in his presence, are not admissible as evidence against him; and if they did not relate to the particular offense with which he is charged, they would be inadmissible because irrelevant.

FROM the Criminal Court of Jefferson.

Tried before the Hon. SAM. E. GREENE.

The defendant, Sam Dodd, was tried and convicted for carrying a pistol concealed about his person. The prosecution was commenced by an affidavit made by Annie Randall before a magistrate, and the trial from which this appeal is prosecuted, was had before the Criminal Court of Jefferson county, without the intervention of a jury. The testimony tended to show that, about a month or two before the affidavit was made and the warrant sworn out, the defendant went to the house of Annie Randall, and made an assault upon her; that when she broke away from him, he drew the pistol and snapped it at her. The said Annie Randall, upon being introduced as a witness, testified that, shortly after this occurrence, she went to the mine where one Pete McWhorter was, and there told him what had happened at her house. The defendant objected to the introduction of this testimony, and moved to exclude it from the jury. The court overruled both his objection and the motion, and allowed the same to go to the jury; and the defendant thereupon excepted. The said McWhorter, after having testified, against the objection and exception of the defendant, as to the statements made to him by the said Annie Randall, in which she described the man who had been to her house, further testified that he and another man went in search of the man described by Annie Randall, and upon meeting the defendant, and his denying that he knew Annie Randall, they carried him by force before her, and she identified him; and that during the time they so had him in their custody, without any warrant for his arrest, he searched the defendant, and found the pistol concealed in his hip pocket. The defendant objected to this testimony, and moved to exclude the same; but the court overruled his objection and motion, whereupon the defendant excepted.

WM. L. MARTIN, Attorney-General, for the State.

WALKER, J.—This case was tried in the primary court without the intervention of a jury, under the authority of the statute applicable to the trial of misdemeanors in that court when the defendant fails to demand a jury.—Acts 1886-87, p. 837 § 7. In such case, the decision of the court upon the

[Dodd v. The State.]

facts is, in legal effect, equivalent to the verdict of a jury.—*Boyd v. The State*, 88 Ala. 169; *Skinner v. The State*, 87 Ala. 105. Even if the statute had authorized this court to review on appeal such finding as to the facts, no such review could be had in this case, as the bill of exceptions does not purport to set out all the evidence, or even the tendencies of the evidence, except so far as the particular objections to the testimony are concerned. If, from what is thus disclosed, it is ascertained that, against the objection and exception of the defendant, illegal evidence was admitted, the judgment must be reversed. The record in this case does not afford the means of determining what other evidence there was, or to what, if any, extent the trial court relied upon the testimony admitted against the defendant's objection. Certainly, in the absence of any showing that the findings of fact were otherwise supported, the presumption could not be indulged in a criminal case that the admission of legal evidence was error without injury.—*Maxwell v. The State*, 89 Ala. 150; *Vaughan v. The State*, 83. Ala. 55.

The statements made by Annie Randall to the witness Mc-Whorter, when the defendant was not present, are plainly inadmissible. They were *ex parte* versions as to what the defendant had done. The evidence was merely hearsay, and should have been rejected. Furthermore, the conversation was in regard to a matter irrelevant to the issue in this case, and, for that reason, also, the testimony should have been excluded.—*Tolbert v. The State*, 87 Ala. 27; 3 Brick. Dig. p. 287, § 592. For this error the judgment of the trial court must be reversed.

The circumstances of the arrest of the defendant, and the search of his person, do not sufficiently appear to enable this court to pass upon the evidence in that connection with any assurance that such conception of that transaction as might be gleaned from the meagre statement of the bill of exceptions would correspond at all with the facts in reference thereto, as fully developed on the trial. It would serve no good purpose, so far as another trial is concerned, to express an opinion based, in part at least, upon conjecture as to what the proof showed as to facts having a material bearing upon the question. For this reason we will not undertake to review the ruling of the trial court on that subject.

Reversed and remanded.