[City of Mobile v. Murphree.]

# City of Mobile *v.* Murphree.

*Action against Municipal Corporation for Damages on account of Personal Injuries caused by Defects in Street.*

| | |
|---|---|
| 96 | 141 |
| 96 | 515 |
| 96 | 141 |
| 98 | 599 |
| 96 | 141 |
| 107 | 417 |
| 96 | 141 |
| 121 | 638 |

1. *Appeal from order refusing new trial; how considered and revised.* When a motion for a new trial was made upon the ground that the verdict was not supported by the evidence, on appeal under the statute (Sess. Acts 1890–91, p. 779), the action of the court in refusing a new trial can not be reviewed when the bill of exceptions does not purport to set out all the evidence, or to give the substance of the evidence in the case.

2. *Same; assignments of error; effect of joinder in assignment.*—When the appeal undertakes to present for review only the refusal of the court to grant a new trial, rulings of the court in the admission of evidence, which were not specified in the motion as grounds for a new trial, can not be revised, though such rulings in the admission of evidence have been assigned as errors, and there has been a joinder in such assignment of errors.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. W. E. CLARKE.

This is an action by Mary J. Murphree against the City of Mobile, to recover damages for personal injuries alleged to have been suffered by the plaintiff in consequence of the defective and unsafe condition of the sidewalk of one of the streets of the city. Judgment was entered upon a verdict in favor of the plaintiff.

The defendant moved for a new trial, on the following grounds: (1.) The verdict was contrary to the evidence. (2.) The verdict was contrary to the law, as given by the court in its oral charge, and as stated in the written charges given at the instance of the defendant. (3.) Under the law and the evidence the jury should have found a verdict for the defendant. (4.) Because the jury took into consideration what the plaintiff would have to pay her physician and assumed that she would have to pay attorney's fees, when there was no evidence on these points. (5.) The damages assessed by the jury were excessive. (6.) The amount assessed by the jury as damages was not warranted by the facts, and was excessive.

The bill of exceptions shows that in the course of the trial several exceptions were duly reserved by the defendant to rulings of the court in admitting evidence against the defendant's objections. Some of these rulings were assigned as errors.

[City of Mobile v. Murphree.]

PILLANS, TORREY & HANAW, and WATTS & SON, for appellant.

GREGORY L. & H. T. SMITH, and THOMAS H. SMITH, *contra*.

WALKER, J.—The bill of exceptions does not show that any exception was reserved to the ruling of the court on the motion for a new trial. The order overruling the motion appears as a part of the record proper, and in that order it is recited that "defendant excepts." Whether an exception to such a ruling, which appears only in the judgment-entry, is sufficient to present the ruling for review by this court, is a question not necessary to be decided in this case. For, conceding that the exception is properly disclosed, yet the bill of exceptions does not purport to set out all the evidence, or all the tendencies of the evidence, or, in the language of the act authorizing appeals in civil cases from decisions granting or refusing to grant motions for new trials, "the substance of the evidence in the case."—Acts of Ala. 1890–91, p. 779. It contains the testimony of several witnesses, and also states that a diagram of the scene of the casualty and certain photographs thereof were offered in evidence. For aught that appears, there may have been other material evidence before the jury. When a motion for a new trial is made upon the ground that the verdict is contrary to the evidence, or is not supported by sufficient evidence, it is plain that the action of the trial court on the motion can not be intelligently reviewed on appeal unless at least the substance of the evidence in the case is disclosed to the revising tribunal. In the absence of a showing of the premises upon which the decision of the trial court was predicated, it is impossible to determine whether its conclusion was right or wrong. Error will not be presumed, but must be affirmatively shown. The contrary not appearing, the presumption is to be indulged, in favor of the correctness of the ruling of the trial court, that the verdict was supported by sufficient evidence. This court can not pass upon the sufficiency of the evidence unless it is informed what the evidence was. No erroneous ruling of the court in the progress of the case was suggested in the motion as a ground for a new trial. A mere general assignment to the effect that the verdict was contrary to the law is insufficient, as it does not call the attention of the court to any specific erroneous action.—*Cobb v. Malone*, 92 Ala. 63.

The judgment was at first reversed here on a ruling of the trial court in the admission of evidence. On an application

[City of Mobile v. Murphree.]

for a rehearing, our attention was for the first time specifically called to the fact that the appeal is only from the order overruling the motion for a new trial. It is stated in the written argument in support of the application for a rehearing that the limited scope of the appeal was called to the attention of the court in one of the briefs originally filed for the appellee. The brief referred to has never come to the hands of the court. In the printed brief filed by one of the counsel for the appellee, which was the only brief in her behalf that came to the hands of the court until the application for a rehearing was made, there was no mention of the point that the appeal was only from the order overruling the motion for a new trial. Errors had been assigned upon rulings on the trial which were not suggested in the motion as a ground for a new trial. There was a joinde in the errors so assigned. In these circumstances, the court made no examination of the citation or of the certificate of appeal, as any irregularities therein were waived by the joinder in error.—3 Brick. Digest, p. 41, §§ 139, 140. The bill of exceptions was so framed as to present for review, on appeal from the main judgment in the case, rulings which were excepted to in the progress of the trial, but were not specified in the motion for a new trial.

The plaintiff in the cause was cited to defend against "an appeal from the said order overruling the motion for a new trial." The certificate of appeal recites that "in the above entitled cause, a judgment was rendered by the said Circuit Court for Mobile county, Alabama, in favor of Mary J. Murphree and against the City of Mobile, on the 15th day of June, A. D. 1891, overruling defendant's motion for a new trial, and that on the 5th day of October, A. D. 1891, the City of Mobile, a body corporate, by Jos. C. Rich, mayor, applied for and took an appeal from said judgment and gave security for the costs of the appeal," &c. It thus plainly appears that the appeal undertakes to present for review only the ruling of the court on the motion for a new trial. It is a question whether the appeal should not be from the main judgment in the cause, even when the action on a motion for a new trial is the only matter to be assigned as error. Acts of Ala. 1890-91, p. 779. However that may be, the court is of the opinion that the scope of the appeal as actually taken and fully disclosed by the record is not enlarged by the appellee's joinder in an assignment of errors, some of which are not presented for review by the appeal; and that only the action of the trial court in reference to the judgment or order appealed from can properly be considered by this court.

[Boyd v. Selma.]

In the motion for a new trial no alleged erroneous ruling of the court in the admission of evidence was specified, so as to call the attention of the court to it. The action of the court on a motion for a new trial will not be reversed on appeal on a ground which was not mentioned in the motion.

The conclusion reached upon a re-examination of the case is, that the ruling upon which the judgment was at first reversed by this court is not properly presented on this appeal. The rehearing has been granted, and the opinion heretofore rendered is withdrawn, and this opinion substituted in its place. The result is that the judgment appealed from must be affirmed.

Affirmed.