The opinion of the court was delivered by
Watkins, J.
Mrs. S. B. Denégre, widow of J. D. Denégre, deceased, alleging herself to be the owner of a tract of four thousand one hundred and twenty acres of land which is in defendants’ possession under a tax title, sues for its annulment and revocation, and prays a decree placing her in possession thereof.
In answer defendant alleges his title is perfect and complete, and in the alternative pleads the prescription of three and five years liberandi causa as to all the badges of nullity alleged in either the tax proceedings or sale proceedings, and the prescription of ten years acquirenda causa as a muniment of title. And defendant’s further prayer is that, in the event of an adverse judgment, he have *1560 judgment for the amount of taxes paid since his acquisition of the property.
On the trial there was judgment in defendant’s favor, rejecting the plaintiff’s demands, and the latter has appealed.
Various charges of nullity are preferred against the tax title through which the defendant claims to have derived ownership of the lands in dispute. A fair synopsis is as follows, viz.:
That defendant claims the property by virtue of a pretended sale made by W. W. Bradley, sheriff and ex-officio tax collector, on the 1st of April, 1881, as per deed recorded in the book of ^conveyance. That at the time the said tax collector sold said property it was claimed by the State by virtue of a pretended adjudication made by R. K. Anderson, tax collector for the parish of Carroll, on the 4th of November, 1873, as per deed recorded in the conveyance office of West Carroll parish.
That said last mentioned adjudication to the State was absolutely null and void, for the following reasons, viz.:
1. That the advertisement of the land for sale for taxes did not appear three times within ten days, as the law required.
2. There was no previous publication of the delin quency of the taxes during the time required by law.
3. There was no notice given to the owner to pay the taxes prior to the pretended sale.
4. There was no seizure of the property by recording a description thereof in the book of mortgages.
5. That the property was sold for the taxes of 1866, 1867, 1868, 1869, 1870 and 1871, whereas tax collectors could not sell for back taxes beyond two years.
6. That the owner of the property was an absentee, and domiciled in a distant parish of the State, for whom no curator ad hoc was appointed, as the law required.
7. That no title was ever confirmed by the Auditor, as required by Sec. 9 of Act 47 of 1873.
8. That the property was assessed and sold in block, whereas Sec. 63 of Act 42 pf 1871 required land sold for taxes to be offered and adjudicated in lots of not less than ten and not more than fifty acres, in accordance with Art. 132 of the Constitution of 1868.
9. That the assessment is absolutely null and void as to 960 acres-in sections .14 and 15 township 21 of range 9, for the reason that the- *1561 land in section 14 is described as being in section 29 instead of section 21; and that the land in section 15 is described as being in township 26 instead of section 21 — there being in truth and fact no such township as 26 and 29 in the parish of Oarroll.
10. That the property was assessed to J. D. Denégre, and was sold for taxes due by the estate Of J. D. Denégre.
From the foregoing alleged nullities, the petition alleges the State had absolutely no title resulting from said adjudication, and the State was without power to convey any title to the defendant.
Of the adjudication made to defendant by Bradley, tax collector, in 1881, the plaintiff’s complaint is, that the iands in controversy were advertised in block in a confused mass with a large body of other lands situated in East Oarroll parish, and were consequently charged with taxes due on the whole body.
The further charge is made that there was an error as to the description of two hundred and forty acres of land.
By an amended petition plaintiff affirms that her allegation to the effect that the State acquired an apparent title from the tax collector in 1878 was in error, the fact being that the record does not show a deed in proper form, the one on record lacking the signature of the tax collector; and for that reason is not entitled to full faith and credit.
Thereupon the plaintiff’s averment is, that there never was any adjudication to the State by B. K. Anderson in 1873 of the lands in controversy; and that “ his attorney was led into error by the fact that the aforesaid document, as recorded in the parish of Carroll * * * purports to have been signed; and as the record purported to be a true copy from the book of conveyances of East Carroll parish, he took it for granted that same was correct, and that the deed had been signed by Anderson, until the testimony of J. D. Tompkins, clerk of East Carroll parish, was filed herein on the 7th of August, 1894.”
In answer to this amended petition defendant shows that Anderson, tax collector, sold on the 4th of November, 1873, the lands in controversy to the State of Louisiana, and made and executed a: good and valid title thereto, which was legally recorded. And it further shows that the same lands were sold in April, 1881, under Act 107 of 1880, and under the ordinance for the relief of delinquent taxpayers, and was purchased by the defendant, whereby he ac* quired- a good and valid title thereto.
*1562 This answer is supplemented by a reeonventional demand for taxes paid and interest, which may be subsequently considered.
It is our view that, under the supplemental petition averring that ■there “ never was any adjudication to the State” of the lands in controversy, all of the charges of nullity alleged to exist in the deed of the tax collector in 1873 are necessarily abandoned and eliminated from the case. This supplemental petition was inadmissible otherwise than on the theory assigned that the admission of the existence of a title was made in error of fact.
The plaintiff must, consequently, stand or fall upon the allegation of her amended petition.
The question is, in what manner or degree does this change of base affect the defendant’s title?
Considering the plaintiff’s admission in her supplemental petition ‘that the aforesaid document” — the deed of Anderson, tax collector, in 1873 — “ as recorded in the parish of East Carroll, purports to have been signed,” how is the status of defendant’s title in 1881 affected?
In our opinion, most materially. Forasmuch as a title to the Stat?, apparently signed by a tax collector and perfectly regular in form, had remained on the public record unchallenged by any person in interest for so many years, was certainly sufficient warrant for Bradley, tax collector, to proceed as he did, to advertise the lands in 1881, as lands which had been, theretofore, forfeited to the State for unpaid taxes of previous years. It afforded perfect and complete immunity to the defendant in becoming the adjudicatee at the afforesaid tax sale.
The fact of a deed to the State having remained so long unchallenged by any one; and the property being thereby subjected to sale as property which had been forfeited to the State; and the tax purchaser’s title having been recorded thereafter for more than ten years, it is too late for the plaintiff, in 1894, to question its validity.
It may be true that Anderson, tax collector, did not, either accidentally or intentionally, sign the act of sale, evidencing the adjudication; but of what possible consequence can that be to the defendant, who became adjudicatee at a tax sale made eight years after the registry of such a title, apparently signed and regular.
This court has frequently held, that in making seizure and assessments, a tax collector is bound to inspect the public records in order *1563 to ascertain therefrom in whose name the property now stands recorded. Prescott vs. Payne, 44 An. 650.
But inspection is all the law requires. • No other or further duty is imposed upon that officer.
Having made an inspection, and finding a deed to the State of record, the tax collector was authorized to accept the information the record afforded, and advertise the property for its delinquent taxes due prior to 1880, and assessed against it while standing in the name of the State.
There can he no serious question raised as to the regularity or validity of these proceedings.
In so far as the question of irregularity in the proceedings leading up to the sale in 1881 are concerned, it is only necessary to say that they are entirely inadmissible, under the interpretation which this court has given to the healing and curative statutes, in the Lake and Douglas cases, and others of equivalent import. The complaints relate to purely formal matters not appertaining to the original assessment of the property, as in the Auguste, and Fairex cases. Of course property assessed in the name of an owner deceased since the assessment must be collected in the name of the estate or the legal representatives of the decedent.
They could not be collected otherwise.
Under this state of facts, there is no occasion to apply the rules of prescription, notwithstanding that it is our impression that either five or ten years’ prescription is good. Giddens vs. Mobley, 37 An. 417; Barron vs. Wilson, 39 An. 403.
For, notwithstanding the property was adjudicated to the State for taxes in 1885, the defendant subsequently exercised his right of redemption, and reinstated his title. So long as the right to exercise redemption remains to the owner, the alienation remains inchoate, a. d the legal title, as well as possession, remains unimpaired.
Judgment affirmed.