[Karter v. Peck & Bro.]
[Peck & Bro. v. Karter.]

# Karter *v.* Peck & Bro.
# Peck & Bro. *v.* Karter.

*New Trial; Appeal from Order Granting.*

1. *New trial; order granting when not reversible.*—An order granting a new trial for insufficiency in the evidence to support the verdict, will not be reversed unless the evidence plainly and palpably supports the verdict.

2. *Same; what appealed from order granting brings up.*—An appeal from an order granting a new trial brings up for revision only the order appealed from, and does not extend to the correction of errors occurring in the main trial; such errors, if they exist, can be considered only as they affect the propriety of the order granting the new trial.

3. *Same; on appeal what assignments of error stricken out.*—On an apeal from an order granting a new trial, assignments of error which seek to review the rulings on the main trial will be stricken out on motion.

4. *Same; party getting, estopped to appeal from the order granting.*—The party at whose instance an order for new trial is granted is estopped to appeal therefrom.

5. *Same; other party may appeal.*—A party against whom an order is granted for a new trial is given by statute the right of appeal.

APPEAL from the Circuit Court of Cullman.
Tried before the Hon. H. C. SPEAKE.

This was an action by E. H. Peck and Brother against J. H. Karter. Judgment was rendered in favor of the defendant, which on motion of the plaintiffs was vacated and a new trial granted. From the order granting a new trial both parties appealed and endeavored in that way to have reviewed the rulings of the court on the main trial.

WILL G. BROWN, for appellant.—The court erred in setting aside the verdict on the ground that it was con-

[Karter v. Peck & Bro.]
[Peck & Bro. v. Karter.]

trary to the evidence.—*Cobb v. Malone & Collins,* 92 Ala. 630; *Holland v. Howard Bros.,* 105 Ala. 638.

J. B. BROWN, *contra.*—(1). Assignments of error on matters occurring on the trial of the main case cannot be considered on this appeal.—*Lee v. DeBardeleben,* 102 Ala. 628; *Dusenberry's Case,* 94 Ala. 413. (2). The trial judge hears the evidence, scrutinizes the demeanor of the witnesses and is better able to weigh the evidence than this court.—*Cobb v. Malone & Collins,* 92 Ala. 630; *White v. Blair,* 95 Ala. 147; *Dillard v. Savage,* 98 Ala. 598; *Holloway v. Roberts,* 108 Ala. 649.

SHARPE, J.—E. H. Peck & Brother sued J. H. Karter in a complaint declaring in case and trover for the value of cotton alleged to have been mortgaged by one McCall to plaintiffs and afterwards converted or wrongfully disposed of by the defendant. Upon the issues of fact, the verdict was in favor of the defendant and judgment was rendered accordingly.

Thereafter, upon plaintiff's motion, a new trial was granted. From that order both parties have appealed and the two appeals are here submitted together with appellees' motion in each case to dismiss the appeal, of the opposing party.

The motion for new trial contained, as grounds both that the verdict was contrary to the evidence, and that the court erred in the giving and refusal of charges. The record does not show upon what ground the motion was granted and if the order was proper under either ground the trial court's action cannot be reversed.

The rule adopted by this court for reviewing an order granting a new trial for insufficiency of the evidence to support the verdict, was laid down in *Cobb v. Malone,* 92 Ala. 630, where it was said that such decisions "will not be reversed unless the evidence plainly and palpably supports the verdict." The rule was approved and followed in *White v. Blair,* 95 Ala. 147, and again in *Dillard v. Savage,* 98 Ala. 598, where the court applied it, and justified the application partly upon the ground that "The trial judge heard the testimony of the wit-

nesses, observing their manner, and had better oppor-
tunities for pronouncing upon its weight and convincing
power than we do."

The same considerations are appropriate to the pres-
ent case; and in view of them and of the rule stated we
are unable to say, after examination of the evidence in
this record, that the court erred in ordering a new trial.
We refrain from comments upon the evidence since they
might tend to unduly influence the issues of fact upon
another trial.

This appeal brings up for revision only the order ap-
pealed from and the power of this court does not extend
to the correction of errors occurring in the main trial.
Acts 1890-91, p. 779 (Code § 434); *Lee v. Debardeleben
C. & I. Co.*, 102 Ala. 628; *Mobile v. Murphree*, 96 Ala.
141; *Cobb v. Malone, supra*. Such errors, if they exist,
could be considered only so far as they might affect the
propriety of the order granting the new trial, and when
resorted to for that purpose, which is not done in the
present case. The first and second assignments of error
in Karter's appeal are of that character, and the motion
here submitted to strike them out will be granted.

In *Cobb v. Malone, supra*, the appeal was by the party
against whom the motion was ruled, and it was held
that the statute referred to gave the right of appeal in
such cause by implication though not by express terms.
The statute under such construction is authority for
Karter's appeal. The right of appeal exists only by stat-
ute, and ordinarily one who has obtained the judgment
he sought is, estopped to appeal therefrom.—2 Ency. Pl.
& Pr., 157. It was not the intention of this statute to
provide otherwise. To allow one who has invoked and
obtained the order, and who cannot be injured by it, to
prosecute an appeal therefrom, would be to accord him
a privilege which could serve no purpose except for de-
lay, since as we have seen it could not be used as is here
attempted to review rulings had in the main trial.

It follows that the motion submitted to dismiss the
appeal of Karter will be overruled; and that the order
he appeals from will be affirmed, and that the motion
submitted to dismiss the appeal of E. H. Peck & Brother
will be granted.