[Fort v. The State.]

# Fort *v.* The State.

*Selling Mortgaged Property.*

(Decided April 19, 1911.  Rehearing denied May 29, 1911.
55 South. 434.)

1. *Mortgages; Conveying Property Covered by; Evidence.*—The
evidence in this case stated and examined and held sufficient to sus-
tain a conviction for selling or conveying mortgaged property with-
out the consent of the mortgagee.

2. *Same; Property Covered; Conveyance.*—As used in section
7423, Code 1907, the word "convey" includes the giving of a subse-
quent chattel mortgage on the property.

APPEAL from Macon County Court.

Heard before Hon. MILO B. ABERCROMBIE.

Tom S. Fort was convicted of selling or conveying
mortgaged property and he appeals.  Affirmed.

ERNEST L. BLUE, and H. P. MERRITT, for appellant.
The execution of a subsequent mortgage on the same
property previously conveyed by mortgage is not a vio-
lation of section 7423, Code 1907.—*Allison v. The State,*
69 Ala. 1; *Cobb v. The State,* 100 Ala. 19; *Lipman v.
The State,* 104 Ala. 61; see also 67 L. R. A. 461 and 7
Cyc. 62.

ROBERT C. BRICKELL, Attorney General, and THOMAS
H. SEAY, Assistant Attorney General, for the State.
The evidence sufficiently disclosed the violation of sec-
tion 7423, Code 1907.—*Johnson v. The State,* 69 Ala.
593.  Intent is not an element of this crime.—*Cobb v.
The State,* 100 Ala. 19; *Lippman v. The State,* 104 Ala.
63.

DE GRAFFENRIED, J.—The appellant was tried
under an affidavit drawn under section 7423 of the Code

of Alabama of 1907, charging him with selling or conveying personal property upon which he had previously given a written mortgage, lien, or deed of trust, which was then unsatisfied, without first obtaining the consent of the lawful holder thereof. The case was tried in the county court of Macon county, and, the defendant waiving a jury, the case was tried. by the presiding judge. The defendant was convicted, and from this judgment of conviction he appeals.

The record in this case is free from any irregularity, and the judgment shows that the defendant was convicted and confessed judgment, with sureties, for the fine and costs. The record fails to show that the defendant excepted to any of the rulings of the court, and the bill of exceptions, which states that it contains all of the evidence, fails to show that any exception was reserved on the trial in any way to any action or ruling of the trial court. In the case of *Woodson v. State,* 170 Ala. 54 South. 191, the Supreme Court uses the following language: "The record proper in this transcript is free from irregularity. The bill of exceptions fails to show that any exception was reserved, in any manner, to any action or ruling of the trial court on the trial. It purports to ·set out substantially all of the evidence, and it is apparent from it that the evidence was insufficient to warrant a conviction of the offense charged in the indictment. The trial court had jurisdiction of the subject-matter and of the person. Having complete jurisdiction, and the judgment being grounded on a verdict accurately responding to the indictment, the adjudication of guilt, and the sentence therefor, cannot be void. In respect of cases in the category to which this case belongs, the jurisdiction this court has is appellate only.

Review here, in such cases, is limited to those matters upon which action or ruling at nisi prius was invoked and had." In the above case there was a verdict of a jury. The present case, as above stated, was tried by the court without the intervention of a jury.

The act creating the county court of Macon county, the court in which the conviction was had, was approved February 18, 1891 (Laws 1890-91, p. 1251) ; and section 7 of the act provides that "in all cases tried in said county court of Macon county, the defendant shall have the right of appeal to the Supreme Court only, in the same manner and by the same methods as is now provided by law for appeals in similar cases from the circuit court, and may reserve by bill of exceptions on the record, questions of law arising in any of the proceedings, and may obtain writs of error in like manner, and the same proceedings may be had in such appeals as are now provided in sections 4508 to 4523 inclusive of the Code of Alabama." It is insisted on behalf of the state that the judgment in this case should be affirmed, under the principles announced in *Woodson v. State, supra.* When the act creating the Macon county court was approved, a trial without a jury was governed and provided for by article 5 of the Code of 1896. Under section 3321 of the Code of 1896, where a special finding was not asked, the conclusion of the court as to the facts was equivalent to the verdict of a jury, and was irrevisable.—*Dodd v. State,* 92 Ala. 61, 9 South. 467. As we understand the record, it is unnecessary for us to pass upon this question.

Section 3321 of the Code of 1896 was amended by an act of the Legislature which was approved on October 12, 1903, and this act, as amended, now forms section 5361 of the present Code, which is as follows: "5361. Reservation of exceptions; revision on appeal.—In the

trial of any cause without a jury in addition to the questions which may be under the existing laws presented to the supreme court for review, either party to the cause may, by bill of exceptions, also present for review the conclusion and judgments of the court on the evidence that the supreme court shall review the same without any presumption in favor of the court below on the evidence, and if there be error, shall render such judgment in the cause as the court below should have rendered, or reverse and remand the same for further proceedings in said court as the supreme court may deem right The finding of the court on the facts shall be subject to review without an exception thereto."

Treating this section as applicable to this case, we can say without hesitation that the facts disclosed in the bill of exceptions justified the findings of the court below, and that the appellant was properly convicted. The bill of exceptions shows that the appellant, on January 23, 1909, executed and delivered a mortgage securing a note for $931.50, maturing on the 1st day of October, 1909, to the Macon County Bank, on certain property. The testimony further shows that the appellant, on December 23, 1909, while the mortgage to the Macon County Bank was unsatisfied, and without the knowledge or consent of the bank, executed and delivered to one W. P. Cox a mortgage to secure a note for $70, due January 1, 1910, and that this mortgage was made upon a portion of the personal property already mortgaged to the Macon County Bank, and this mortgage contains a statement that the said property was unincumbered, and the testimony further shows that Cox was not informed by the appellant of the existence of the mortgage to the Macon County Bank when the second mortgage was executed and delivered.

It is insisted by the appellant that the word "convey," contained in the statute under which this prosecution was had, does not include a mortgage on personal property, and that for this reason the appellant should have been acquitted. In the case of *Johnson v. State,* 69 Ala. 593, the Supreme Court of Alabama, through Brickell, C. J., uses the following language: "The statute by its words embraces not only a sale, but a conveyance of the property. The word *'convey'* when applied to a disposition of property, has the signification of *'transfer,'* and means the passing of title and dominion from one person to another. It is in this, its largest, sense it is employed in this statute, intended to prohibit the mortgagor, or maker of a lien, or grantor in a deed of trust, from disposing of the property, so that the security of the mortgage or lien, or deed of trust, would be endangered or embarrassed. The danger or embarrassment would result, not only from a sale, but from an exchange, a gift, or any other transfer, by which a *title, not in subordination to the mortgage, lien, or deed of trust, was created,* or by which the possession was changed." The appellant relies upon the above case as an authority in his behalf, and expresses the opinion that, as the dominion over personal property does not ordinarily pass eo instante upon the execution of a mortgage from the mortgagor to the mortgagee, therefore the word "convey," used in this statute, was not intended to include a mortgage of personal property. It will be noticed, however, that the Supreme Court, under the decision above quoted, plainly indicates that the purpose of the statute was to protect a mortgagee from the danger or embarrassment which might result, not only from a sale, but from an exchange, a gift, or any other transfer, by which a *title, not in subordination to the mortgage, lien, or deed of trust,* might be created,

or by which the possession might be changed. A senior mortgagee is often embarrassed, and his claim frequently defeated, by a junior mortgagee claiming the mortgaged property as a bona fide purchaser, by virtue of his junior mortgage; and this is one of the mischiefs which the word "convey" in this statute was intended to prevent. "A formal mortgage of personal property is a conditional sale of it as security for the payment of a debt or the performance of some other obligation. * * * It is a conditional sale of chattels, *and operates to transfer the legal title to the mortgagee,* to be defeated only by a full performance of the condition."—Jones on Chattel Mortgages (5th Ed.) p. 1; *Patterson & Co. v. Jones,* 89 Ala. 388, 8 South. 77.

As stated above, the testimony set out in the bill of exceptions, which states that it contains all of the evidence, justified the conviction of the defendant by the court below, and the judgment of the court below is affirmed.

Affirmed.