# Ewart Lumber Co. *v*. The American Cement Plaster Co.

## *Assumpsit.*

(Decided May 1, 1913.   62 South. 560.)

1. *Commerce; Foreign; License.*—Foreign corporations may engage in transactions which involve only interstate commerce without complying with sections 3642 and 3653, Code 1907, and section 232, Constitution 1901, in this state.

2. *Corporations; Pleading; Construction.*—Where an action is by a corporation a plea setting up that it is a non-resident and has no license to do business in this state as a foreign corporation, but that all the things sued upon took place within the state, is insufficient as not showing that the transaction involved was an intra state instead of an interstate transaction, the rule being that pleas are construed most strongly against the pleader.

3. *Account; Affidavit; Time of Filing.*—Where a demurrer has been interposed and overruled to a complainant in an action on an account, and the trial has been entered upon, the offer to file an affidavit denying the correctness of the account, comes too late.

4. *Principal and Agent; Authority of Agent.*—Where the agent's authority was not shown, and there was no proof of a ratification. a mere showing that a travelling salesman of a manufacturing concern agreed to bind it for advertising expenses, will not render the principal liable.

5. *Same; Ratification.*—Where plaintiff agreed to appoint defendant as its sole agent for the sale of its products in a certain place, and no duration was fixed for the agency, plaintiff might revoke the agency at the end of a reasonable time, even if defendant had expended money in advertising its products.

[Ewart Lumber Co. v. The American Cement Plaster Co.]

6. *Same; Breach of Contract; Damages.*—Where plaintiff breached the contract to make defendant its sole agent for the sale of goods in a given territory, expenses incurred by defendant in advertising plaintiff's products cannot be recovered where a recovery for profits that defendant would otherwise have received, but for the wrongful revocation, was sought; the defendant being without right to stand on the contract and recover both for profit he would have made under it, and also for the consideration he parted with for the contract itself.

7. *New Trial; Motion; Re-introduction of Evidence; Presumption.*—It is unnecessary, on a motion for new trial, to reintroduce the evidence heard on the original trial, it being presumed that all such evidence is within the breast of the trial court.

8. *Bills of Exception; Time of Filing; Consideration.*—Where the bill of exceptions was not filed within three months from the rendition of the original judgment, but was filed within three months after the judgment overruling motion for new trial, it cannot be looked to for any purpose except that of reviewing the action of the court, upon the motion for a new trial, and the admission or re jection of evidence and the giving or refusing of charges will not be reviewed unless assigned as grounds for the motion for new trial.

9. *Appeal and Error; Harmless Error; Pleadings.*—Where the defendant had the benefit of substantially the same defense set up in different language in a subsequent plea, the sustaining of demurrers to the first plea was harmless, although erroneous.

10. *Same; Waiver.*—Although error is assigned it is waived where there is neither argument nor citation of authority in support of the assignment.

11. *Same; Review; Questions Presented.*—Where the bill of exceptions sets out a motion for a new trial, and follows it up with a recital that it was overruled, and that defendant excepted, the question of the overruling of the motion for new trial is sufficiently presented to authorize its review by the appellate court.

12. *Same; Scope.*—A party may appeal from a judgment against him and have the court review the rulings on the proceedings leading up to the judgment, and incidentally, the action of the court in overruling his motion for a new trial, or he may, under section 2846, Code 1907, appeal directly from the decision granting or overruling his motion, but in the latter case, no assignment of error predicated upon proceedings leading up to the original judgment will be considered.

13. *Same; Presentation in Lower Court; Necessity.*—Matters assigned as error on a motion for new trial are not available on appeal unless they were excepted to at the proper time during trial

14. *Same.*—Where the appeal is from motion for a new trial, and the assignment of error is that the verdict is contrary to the evidence, the appellate court is confined to the evidence actually before the jury, and cannot consider evidence which might have been before them, but for the error of the lower court in excluding it.

15. *Same; Notice of Appeal; Sufficiency.*—Where the notice of appeal is to the effect that it was from the original judgment giving

[Ewart Lumber Co. v. The American Cement Plaster Co.]

the date thereof, it is sufficient to authorize an assignment of error in overruling defendant's motion for a new trial.

16. *Same; Determination; Grounds.*—Errors during trial assigned as ground in the motion for new trial, will not avail unless it appears that the error was such as would have resulted in a reversal of the judgment on appeal on direct assignment.

17. *Same; Assignment; Nature.*—On an appeal from the motion for new trial, an assignment that the verdict is contrary to the law is too general to warrant consideration.

18. *Same; Joint.*—Where several separate grounds for motion for new trial were included in one joint assignment, the assignment is not sustained, if the action of the lower court can be sustained as to any one of the grounds.

19. *Same; Construction.*—Where the overruling of a motion for new trial was generally assigned as error, the grounds of the motion must be treated as the specific assignments of error.

20. *Same; Record; Matters Presented.*—Where the bill of exceptions does not show that the general affirmative charge was given, an assignment of error complaining of the giving of such a charge cannot be considered.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Assumpsit by the American Cement Plaster Company against the Ewart Lumber Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Plea 1 is as follows: "That plaintiff is a corporation and is a non-resident of the state of Alabama, and that the plaintiff has no license to do business in the state of Alabama as a foreign corporation, and that the matters and things sued on in said cause took place in the state of Alabama, and that said account sued on accrued in the state of Alabama." Plea 5 sets up breach of contract and offers to set off damages because of said breach in the sum of $1,000, and claims judgment for the excess; the contract alleged being that plaintiff appointed defendant its exclusive agent to handle and sell in the city of Birmingham its manufactured goods known as Eagle Brand cement or plaster; that defendant accepted said agency and proceeded in good faith to carry out its part of the contract; and that defendant went to

[Ewart Lumber Co. v. The American Cement Plaster Co.]

great cost and expense in advertising the brand and putting it on the market, and expended labor and time in selling and advertising; but that plaintiff breached the contract, in this, that during the time said contract was in force and effect plaintiff sold and shipped large quantities of said brand to other parties than defendant, and without just cause terminated said contract.

L. J. HALEY, JR., and T. M. BRADLEY, JR., for appellant. The court erred in sustaining demurrer to plea 1. —*Armour P. Co. v. Vinegar B. L. Co.,* 149 Ala. 205; *Culberson v. Am. T. & B. Co.,* 107 Ala. 457; Sec. 5321, Code 1907. Counsel discuss other assignments of error relative to pleading, but without citation of authority. The court erred in excluding evidence relative to the difference between the price paid for the goods and what they could be sold at in the Birmingham district. —*Ala. I. Wks. Co. v. Hurley,* 86 Ala. 217. Counsel discuss the other assignments of error, but without further citation of authority.

THOMPSON & THOMPSON, for appellee. Pleas 1 and 5 were demurrable for failure to show that the transaction was interstate under the rule that pleadings are construed most strongly against the pleader. It is well settled that it is error without injury to sustain demurrers to pleas where the same defense is available under other pleas filed in the cause.—*Ware v. Hamilton-Brown,* 92 Ala. 148; *Culberson v. Am. C. & B. Co.,* 107 Ala. 457. Demurrer was properly sustained to the 5th plea, but in any event, it was fully covered by the 6th plea.— *Lawton v. Rickett,* 104 Ala. 430; *Reid L. Co. v. Lewis,* 94 Ala. 626. Where an appeal is taken from a motion for a new trial based on errors of the court in the admission or rejection of evidence, the assignment must point

out and specify the error, and a general assignment is insufficient.—*Cobb v. Malone,* 92 Ala. 630; *Mobile v. Murphy,* 96 Ala. 141; *Tobias v. Treist;* 103 Ala. 664. The omission to reserve an exception at the proper time cannot be cured by a motion for new trial.—Authorities supra. Therefore, the court will not consider the assignment that the judgment is contrary to law, and contrary to the facts.—Authorities supra, and *McClendon v. Bush,* 127 Ala. 470; *Stewart v. Gay,* 138 Ala. 176. The fact of the overruling of motion for new trial is a matter of record, and not available if presented only by the bill of exceptions.—*Randall v. Worthington,* 141 Ala. 498. Error is never presumed, but must be pointed out by appellant.—*Mobile v. Murphy, supra.*

THOMAS, J.—This was a suit upon the common counts—on an account, account stated, and for goods sold and delivered. There was judgment for plaintiff, and defendant appeals. Only three alleged errors are assigned here, to wit, that of the court in sustaining, respectively, the demurrers to pleas numbered 1 and 5, and that of the court in overruling a motion for a new trial.

There was no error in sustaining the demurrer to plea numbered 1. Foreign corporations have a right to engage in such transactions in this state as involve only interstate commerce without obtaining the permit required under sections 3642 to 3653, inclusive, of the Code, which are predicated upon section 232 of the Constitution.—*Ware v. Hamilton-Brown Shoe Co.,* 92 Ala. 145, 9 South. 136; *Cook v. Rome Brick Co.,* 98 Ala. 413, 12 South. 918; *Stratford v. City Council of Montgomery,* 110 Ala. 619, 20 South. 127.

Pleas are construed most strongly against the pleader, and the facts alleged in plea 1 are not sufficient to show

that the transaction was not one of interstate commerce or was one of intrastate business.   See authorities cited and *Armour Packing Co. v. Vinegar Bend L. Co.*, 149 Ala. 205, 42 South. 866, 13 Ann. Cas. 951; *Ala. Western R. R. Co. v. Talley*, 162 Ala. 403, 50 South. 341.

The sufficiency of a similar plea was not before the court in *Culberson v. American Banking Co.*, 107 Ala. 458, 19 South. 34.   The plea was there demurred to and improperly overruled by the lower court; but its action was not reviewed in this particular; since the appeal was by the defendant, who complained of the sustaining by the court, against his demurrer, of plain iff's replication to this plea.   Proper order in pleading, prevented by the action of the lower court in that case in overruling the demurrer to the plea, requires that the facts set out in that replication should have appeared in the plea, and when done their sufficiency as a defense should have been tested by another demurrer on the part of plaintiff, raising the point that the plea showed on its face that the act of business alleged was a transaction of interstate commerce.   However, the Supreme Court had to and dealt only with the case as presented to them; but their decision is certainly not an authority for appellant's contention here as to the sufficiency of his plea.

There was no injury, if error, in sustaining the demurrer to plea numbered 5, for the reason that substantially the same defense was set up in different verbiage in plea numbered 6, to which the demurrer was overruled.—*Creola Lumber Co. v. Mills*, 149 Ala. 474, 42 South. 1019.

Besides, we do not regard this error, if error it was, as being insisted upon in appellant's brief, since in it there is found neither argument nor a citation of au-

thority in support of the assignment, but merely this
statement: "We do not believe that said plea is sub-
ject to the grounds of demurrer assigned thereto."—
*Pearson v. Adams,* 129 Ala. 169, 29 South. 977.

The bill of exceptions sets out a motion for a new
trial, followed by a recital that it was overruled, giving
the date thereof, and that the defendant excepted. This
is sufficient to authorize us to review the action of the
court on this motion, though it would be otherwise if
the motion had been granted and the other party was
appealing. In the latter case a formal judgment grant-
ing the motion and setting aside the judgment rendered
on the verdict would have to be shown; some of the
cases holding by the bill of exceptions, others holding
by the record proper.—*So. Ry. Co. v. Nelson,* 148 Ala.
92, 41 South. 1006; and see *Irby v. Kaigler,* 6 Ala. App.
91, 60 South. 419, where the other cases on the subject
are cited and reviewed.

As to the other contention of appellee, that, since the
bill of exceptions fails to show that any evidence was
introduced on the hearing of the motion for a new trial,
none set out in the bill of exceptions can be considered,
it is sufficient to say that the statute does not require
that on such hearing the evidence on the trial proper
should be reintroduced. It is not necessary that this
be done, since the presumption is that all such evidence
is within the breast of the trial court.—*Ala. Min. Land
Co. v. Blocton,* 150 Ala. 566, 43 South. 831.

A party may appeal from the judgment rendered
against him and have reviewed not only the judgment
and all rulings in the proceedings leading up to it, but
incidentally the action of the court in overruling his
motion for a new trial; or he may appeal under section
2846 of the Code alone from a decision granting or over-
ruling his motion for a new trial.—*Cobb v. Malone,* 92

[Ewart Lumber Co. v. The American Cement Plaster Co.]

Ala. 632, 9 South. 738; *Henry v. Couch,* 132 Ala. 572, 31 South. 463; 14 Ency. Pl. & Pr. p. 955 et seq. When he does the latter, no asignment of erro, predicated upon the original judgment or on the rulings of the court in the proceedings leading up to it will be considered, for the party by the nature of his appeal has limited the scope of the review here.—*City of Mobile v. Murphree,* 96 Ala. 141, 11 South. 201; *Karter v. Peck,* 121 Ala. 638, 25 South. 1012; *Lee v. Debardeleben,* 102 Ala. 631, 15 South. 270.

The appeal in the present case, however, is by the defendant from the original judgment, and as an incident to such an appeal he has a right to assign and have considered the alleged error of the court in overruling his motion for a new trial. The notice of appeal served on appellee to the effect that the appeal was from the original judgment, giving its date, etc., was therefore sufficient to permit an assignment here of the alleged error of the court in overruling such motion.—*City of Mobile v. Murphree, supra; Henry v. Couch, supra.*

This cause was tried and judgment rendered for the plaintiff on February 8, 1912. The motion for a new trial was then made by defendant (appellant here) and regularly continued from time to time until April 27, 1912, when it was regularly passed upon and overruled. The bill of exceptions was not filed with the trial judge until July 26, 1912, more than three months after the rendition of the judgment, but one day less than three months after the overruling of the motion for a new trial. Hence the bill of exceptions can be looked to only for the purpose of reviewing the action of the court on the motion for a new trial, and not for the purpose of reviewing the rulings of the court on the admission or rejection of evidence or in the giving and refusal of charges (*People's Bank & Trust Co. v. Keith,*

136 Ala. 470, 34 South. 925; *McCarver v. Herzberg,* 135 Ala. 544, 33 South. 486), unless assigned as grounds of the motion for a new trial (*Pilcher v. Hickman,* 132 Ala. 573, 31 South. 469, 90 Am. St. Rep. 930; *Karter v. Peck,* 121 Ala. 638, 25 South. 1012; *Central of Ga. v. Geopp,* 153 Ala. 111, 45 South. 65; *Montgomery Traction Co. v. Knabe,* 158 Ala. 465, 48 South. 501, and authorities cited).

And when so assigned they will not avail, unless it appears from the bill of exceptions that they were excepted to at the proper time during the course of the trial (*McLendon v. Bush,* 127 Ala. 470, 29 South. 56; *Geter v. Central,* 149 Ala. 581, 43 South. 367; *Smith v. Woolf,* 160 Ala. 655, 49 South. 395; *Central of Ga. Ry. Co. v. Ashley,* 160 Ala. 583, 49 South. 388), and unless it further appears that the error was such as would have resulted in a reversal of the cause on appeal and direct assignment (*L. & N. R. R. Co. v. Sullivan,* 126 Ala. 103, 27 South. 760; 14 Ency. Pl. & Pr. pp. 834, 934.)

The motion for a new trial contains eight grounds. The first is general to the effect that the verdict is contrary to the law. Failing, as it does, to specify the particulars, it cannot be considered.—*Moneagle v. Livingston,* 150 Ala. 565, 43 South. 840.

The second is that the verdict is contrary to the evidence. In considering it we are confined to the evidence actually before the jury, and not evidence which might have been before them but for the error of the court in excluding it. This character of assignment cannot and does not raise any point on such errors of the court in the latter particular. It is too clear to need discussion that, considering alone the evidence actually before the jury, their verdict is not contrary to it.—*Cobb v. Malone,* 92 Ala. 633, 9 South. 738.

[Ewart Lumber Co. v. The American Cement Plaster Co.]

There is no merit in the third ground, predicated on the refusal of the court to allow an affidavit, denying the correctness of the account sued on, to be filed after demurrers to the complaint had been overruled and the trial entered upon. The affidavit came too late.—*Reed Lumber Co. v. Lewis,* 94 Ala. 627, 10 South. 333.

As to the fourth ground, "that the court erred in giving the general affirmative charge for plaintiff," it is sufficient answer to say that it nowhere appears in the bill of exceptions that the court gave such a charge; hence, there is nothing before us to show that the court did that which is complained of. With this also falls the eighth ground, which is based on the error alleged in the fourth.

The fifth, sixth, and seventh grounds may all be treated together, since each is the same in substance as the other, differing only in verbiage, and all have reference to the action of the court in excluding on separate motions evidence of separate items of damages offered by defendant under his sixth plea, which is denominated therein a plea of set-off and referred to in one ground of the motion as though it were a plea of set-off and in another as though it were one of recoupment.—*Lawton v. Rickett,* 104 Ala. 430, 16 South. 59. These three grounds mentioned of the motion, based as said on the alleged errors of the court in excluding (quoting respectively their language) "all evidence introduced by defendant showing set-off," "all evidence offered by defendant by way of recoupment," and "all evidence offered by defendant tending to show damages suffered by him on account of plaintiff's breach of the contract set out in defendant's ——— plea," are extremely general in view of the fact that there was more than once such ruling by the court, and we doubt on this account that it is our duty to review them.—*Cobb v. Malone,* 92 Ala. 630, 9

South. 738; *Ala. Mid. Ry. Co. v. Brown,* 129 Ala. 286, 29 South. 548. But, if so, it is clear that if the action of the court was free from error in any one of such separate rulings all being assigned jointly and not separately as error in the motion, the grounds must fail here; since, the assignment here that the court erred in overruling the motion being general, we must treat the grounds of the motion as the specific assignments of error.—*Western Ry. v. Arnett,* 137 Ala. 425, 34 South. 997; *Mobile, etc., v. Bromberg,* 141 Ala. 275, 37 South. 395; *Aetna Life Ins. Co. v. Lasseter,* 153 Ala. 630, 45 South. 166, 15 L. R. A. (N. S.) 252; *Brent v. Baldwin,* 160 Ala. 640-641, 49 South. 343; *Craig v. Pierson,* 169 Ala. 551, 53 South. 803.

There was certainly no error on the part of the court in excluding the evidence of the cost of the electric sign and of operating it, because there was no evidence tending to show that Sheffold, who, as the evidence without conflict shows, was the mere traveling salesman of plaintiff, had any authority to make a contract binding plaintiff to pay such expense; nor is there any evidence tending to show that plaintiff was subsequently informed of this part of the agreement and ratified it. On the contrary, so far as the evidence in the record discloses, the contract between the parties is expressed in defendant's letter of May 21, 1909, to plaintiff, and plaintiff's reply thereto of May 24, 1909, by which contract defendant bound himself at his own expense to put up and operate said sign and do other advertising of the cement plaster, in consideration of plaintiff's appointing him their sole agent to handle such cement plaster in Birmingham. This was the quid pro quo—the inducement he offered for his appointment, according to our construction of the contract.

He failed to protect himself by requiring the appointment for a definite length of time; hence, the plaintiff was at liberty to revoke the appointment after a reasonable length of time without in the least breaching the contract or becoming in any way liable to the defendant. If before the expiration of such reasonable length of time the plaintiff should partially breach the contract by selling direct to some others, instead of through defendant, then the defendant would probably have the right to treat this as a total breach and revocation of the appointment by so notifying the plaintiff. In a suit for the breach, however, he could not recover the consideration—in this case the expense of advertising—given for the contract, as an element of damages. The consideration of a contract can ordinarily only be recovered after a rescission of the contract, and not as damages for its breach. Certainly, the defendant would not have the right to stand on the contract and recover both for profits he would have made under it but for its breach and also for the consideration he parted with for the contract itself. Without the consideration he was not entitled to the profits, and with the profits he is not entitled to a return of the consideration.

Hence, the court committed no error in excluding as items of damages for the breach of the contract all evidence of expense made by defendant for an electric sign in advertising the cement plaster. For reasons pointed out we need not, therefore, consider whether it erred in excluding the evidence as to profits, since the assignments of error in the motion were joint. However, it appears that such profits are at least so speculative as to prevent their recovery.—*Brigham v. Carlisle*, 78 Ala. 243, 56 Am. Rep. 28; *Beck v. West Co.*, 87 Ala. 219, 6 South. 70; *Union v. Barton*, 77 Ala. 156.

The judgment of the lower court is affirmed.

Affirmed.