# Peters *v.* Brunswick-Balke-Collender Company.

## *Trover and Detinue.*

(Decided November 14, 1912. 60 South. 431.)

1. *Appeal and Error; Review; Theory of Trial.*—Where it appears that a case was tried without objection on issue joined on the general issue and special pleas, the case will be disposed of in the appellate court on the same theory.

2. *Same; Harmless Error; Pleadings.*—Any error in ruling on the special pleas was harmless to the defendant where it appeared that he received the benefit of all the matters attempted to be set up by such special pleas on the issues upon which. the case was tried.

3. *Same; Presentation Below.*—The matter considered and it is held that the objection to the validity of the contract and transaction upon which plaintiff's right of action was based was properly and seasonably taken in the trial court so as to present that action for review.

4. *Same; Record; Judgment.*—Where the bill of exceptions shows that the court handed down a judgment for plaintiff, the record sufficiently shows what the judgment was so as to authorize its review.

5. *Same.*—Even if the record fails to show with sufficient certainty what the judgment was in order to authorize its review, yet rulings on the admission of testimony prior to the judgment may be reviewed.

6. *Corporations; Foreign Corporations; Failure to Comply With Statute.*—A contract executed by a foreign corporation relative to a matter of business in this state before complying with section 232 Constitution 1901, and sections 3642-3644, Code 1907, is void and unenforceable.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Trover and detinue by the Brunswick-Balke-Collender Company against Frank Peters. Judgment for plaintiff and defendant appeals. Reversed and remanded.

FREDERICK G. BROMBERG, for appellant. Under the evidence, the court was in error in holding that the chattels were in the actual possession of the appellant, and that appellee had such absolute legal title or special property and right to immediate possession as would support the action.—*Walker v. Fenner,* 20 Ala. 192; *Henderson v. Phelps,* 58 Ala. 590; *Lucius v. Pittman,* 94 Ala. 616; *Behr v. Gerson,* 95 Ala. 441; *Kyle v. Ewing,* 99 Ala. 573; *Berlin M. Wks. v. Ala. City Furn. Co.,* 112 Ala. 488. The evidence disclosed that the plaintiff was a foreign corporation and had no standing in the court.—Section 232, Constitution 1901; *Armour P. Co. v. Talley-Bates Co.,* 42 South. 866; *Ala. Wes. Ry. Co. v. Talley-Bates Co.,* 50 South. 341; *Am. Amus. Co. v. East L. Chutes Co.,* 56 South. 961. Section 232 of the Constitution is self executing.—*N. E. Mtg. Sec. Co. v. Ingram,* 91 Ala. 337; *Sullivan v. Sullivan T. Co.,* 103 Ala. 371. The burden was on the corporation to affirmatively show compliance with said section.—*A. U. T. Co. v. W. U. T. Co.,* 67 Ala. 26; *Farrior v. N. E. M. Co.,* 88 Ala. 275; *Nelms v. E. A. L. M. Co.,* 92 Ala. 157. The plea of non detinet was in, and this put plaintiff to his proof of the actual possession by the

[Peters v. Brunswick-Balke-Collender Company.]

defendant of the property.—*Foster v. Chamberlain*, 41 Ala. 157; *Berlin M. Wks. v. Ala. City F. Co., supra.*

R. H. & R. M. SMITH, for appellee. Having withdrawn the plea of general issue the complaint was admitted and as there was nothing in the complaint to show that plaintiff was a foreign corporation proof to that effect was not admissible without a special plea.— *Collier v. Davis*, 94 Ala. 456; 19 Cyc. 1321. The disclaimer as to the fixtures was a part of each of the special pleas and required proof to sustain it.—A guardianship of a minor terminates with the arriving of a minor at maturity.—15 A. & E. Enc. of Law, 45. The finding of the court is nowhere shown, and hence, cannot be reviewed. Therefore, if there were any errors, they were harmless.

PELHAM, J.—This suit was instituted in the court below by the appellee. The complaint originally contained counts in the statutory form in trover and detinue. Subsequently three other counts were filed in conversion setting up the facts showing the alleged conversion. The case was tried before the court without a jury, and a judgment in detinue rendered in favor of the plaintiffs, and it will be unnecessary to discuss the various rulings on the pleadings in trover. In the first instance the defendant filed a plea of the general issue to the count in detinue, and subsequently, it would seem, withdrew this plea and filed two special pleas.

The conduct of the trial would authorize the conclusion that the case was tried without objection on issues joined on the special pleas and the general issue, and a consideration of the assignments of error will be treated on that theory.—*Hardeman v. Williams*, 150 Ala. 415, 43 South. 726, 10 L. R. A. (N. S.) 653; *Gainer*

*v. So. Ry. Co.,* 152 Ala. 186, 44 South. 652; *Planters' & Merchants' Independent Packet Co. v. Webb,* 156 Ala. 551, 46 South. 977, 16 Ann. Cas. 529; *Richmond & Danville R. R. Co. v. Farmer,* 97 Ala. 141, 12 South. 86.

The defendants are shown to have received the benefit of all matters of defense set up, or attempted to be set up, by special pleas, on the issues upon which the case was tried and submitted to the court, sitting as judge and jury, and if there was error in the rulings on the pleadings it was without injury.

The judgment being in detinue, it is unnecessary to notice, as suggested by appellee, the trover feature of the case. The complaint in detinue is in the statutory form, and there is nothing in the caption or otherwise appearing from it to suggest that the plaintiffs are a foreign corporation or that they based their right to recover on a title evidenced by an illegal contract of sale reserving title, entered into with a third party in violation of the constitutional provision and statutes which require, under penalty, that every corporation not organized under the laws of this state shall, before engaging in or transacting any business in this state, file an instrument in writing in the office of the Secretary of State designating at least one known place of business in this state and have an authorized agent or agents thereat.—Const. § 232; Code, §§ 3642-3644.

Had the suit been on the contract or agreement claimed to be illegal because an act of business in violation of the Constitution and statutes, there might be merit in the appellee's contention that to be available to appellant this matter must have been specially pleaded; but such is not the condition presented by the record in this case. Here the plaintiffs sue in detinue, declaring on the statutory form, and, when they offer in evidence the contract or mortgage entered into between them and a

third party to sustain their case through title therein shown, the defendant objects, and the court admits the instrument over the appellant's objection, and subsequently, at the close of plaintiffs' testimony, refuses the appellant's motion for a verdict for defendant based on the specified ground that the contract evidencing title and right of possession in plaintiffs cannot be enforced as the plaintiffs were a foreign corporation and had not complied with the constitutional provision and statutes referred to. The objections, it seems to us, were seasonably made, and raise the question for review here.

The mortgage showed on its face that it was between a foreign corporation and a resident of Mobile, Ala., and that it was executed in the presence of a notary public for Mobile county and acknowledged there before him officially. There is other evidence going to show that the act of business engaged in as evidenced by the mortgage was transacted in this state by the plaintiff, a foreign corporation, from which we think it sufficiently appears that the mortgage was such a contract as clearly falls within that class or nature of transaction or acts aimed at. The court was in error in admitting the mortgage, for such contracts are void, and the courts will not lend their aid to their enforcement.—*Ala. Western R. R. Co. v. Talley-Bates Const. Co.,* 162 Ala. 396, 50 South. 341; *Sherwood v. Alvis,* 83 Ala. 115, 3 South. 307, 3 Am. St. Rep. 695; *Craddock v. Mortgage Co.,* 88 Ala. 281, 7 South. 196; *Dudley v. Collier,* 87 Ala. 431, 6 South. 304, 13 Am. St. Rep. 55; *Farrior v. Mortgage Co.,* 88 Ala. 275, 7 South. 200; *Collier v. Davis,* 94 Ala. 456, 10 South. 86; *Gamble v. Caldwell,* 98 Ala. 577, 12 South. 424.

It is insisted by counsel for appellee that the conclusions and judgment of the trial court on the evidence are not subject to review here because the bill of

exceptions fails to show the finding of the court, or what the judgment was. The record proper shows a formal judgment, and the bill of exceptions does show that the court "handed down a judgment for the plaintiff," and we think this should be deemed a sufficient statement disclosing the conclusion reached by the trial judge to make it subject to review; but, even if it should not be so considered, the rulings of the trial judge on the admissibility of the evidence are subject to review nevertheless.—*Morey v. Monk,* 142 Ala. 175, 38 South. 265.

We do not deem a discussion of the various other assignments of error necessary, as what we have said disposes of the principal feature of the case and requires a reversal. Should, however, the case go to trial again with this feature eliminated, or met by different proof, we call attention to the fact that it is doubtful if the evidence of the detention by the defendant was sufficient to meet the requirements of the rules as announced by the Supreme Court to authorize a judgment in a suit of detinue.

Reversed and remanded.