# Loy *v.* Reid.

### *Assumpsit.*

(Decided June 4, 1914.   65 South. 855.)

1. *Appeal and Error; Harmless Error; Pleading.*—Where no evidence was introduced in support of certain counts of the complaint, and plaintiff did not seek to sustain a judgment as to those counts, any error in overruling demurrers to that count were harmless.

2. *Same; Review; Theory Below.*—Where the parties adopt a theory of a pleading at the trial, the appellate court will adopt that theory on appeal.

[Loy v. Reid.]

3. *Work and Labor; Recovery for.*—Where one person performed services for another without his request, no obligation rests upon the latter to pay therefor; but a contract may be created by the acceptance of the service rendered with knowledge of its performance.

4. *Same; Contract; Ratification.*—Where defendant represented to plaintiff that he had embalmed the body of plaintiff's child, and plaintiff ratified the service by paying the requested price, a contract was created between the parties, and plaintiff could recover damages occasioned by the failure of defendant to do the embalming as represented.

5. *Damages; Breach; Mental Anguish.*—Where a defendant breached his agreement to properly embalm the body of plaintiff's child, plaintiff may recover damages for mental pain and anguish suffered because of the decomposition of the body before burial.

6. *Same; Pleading; Proof; Variance.*—Where the action was for damages for breach of an agreement to embalm the body of plaintiff's child, the failure of plaintiff to prove all the damages alleged does not constitute a variance.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action by D. Reid against Lige Loy for breach of contract in embalming the body of plaintiff's dead child. Judgment for plaintiff and defendant appeals. Affirmed.

JOHN C. GLOVER, for appellant. The court erred in overruling demurrers to counts 1 and 2 as amended. There was total failure of proof as to some of the allegation of damages in said counts, and consequently a variance. The court erred in its construction as to damages, as mental pain and anguish were not recoverable in this class of cases.—*Culver v. Hill,* 68 Ala. 66; *Burton v. Henry,* 90 Ala. 281; 13 Cyc. 137; 2 Mayf. 1021. Exemplary damages are not recoverable in an action ex contractu.—13 Cyc. 113. A principal is not liable in punitive damages for the acts of his agent of which he is ignorant, and does not subsequently ratify. *Baldwin v. Walker,* 91 Ala. 428; *Pollak v. Gantt,* 69 Ala. 373; *Lienkauf v. Morris,* 66 Ala. 406; *Burns v. Campbell,* 11 Ala. 271. Entire want of proof of material

[Loy v. Reid.]

averments of a complaint is fatal to recovery.—*Pharr v. Bachelor*, 3 Ala. 244; *Gilmer v. Wallace*, 75 Ala. 220; *So. Ry. v. Lee*, 52 South. 648.

ALLEN & BELL, for appellee. If there was error in overruling demurrers to counts 1 and 2 of the complaint, the error was rendered innocuous as no evidence was introduced in support of those counts, and no judgment sought thereon. Count A stated a good cause of action, under which plaintiff was properly permitted to recover.—*Bir. T. & T. Co. v. Still*, 61 South. 611. Defendant was liable under another theory, and that was that he had not complied with the law relative to engaging in the business of embalming.—Secs. 538-545 and 6827, Code 1907.

PELHAM, J.—The first two counts of the complaint (designated as counts 1 and 2) set up an alleged contract or agreement made and entered into between the plaintiff (appellee here) and the defendant, under the terms and stipulations of which the defendant agreed and undertook to embalm the dead body of the plaintiff's infant daughter. Damages are claimed as the proximate result of a breach of this alleged contract, or the duty growing out of it, in failing to embalm the body. A count designated as "A" was added by amendment, and, the case having been tried before the court without a jury, and no proof introduced in support of counts numbered 1 and 2 authorizing a recovery on either of these counts, it is unnecessary to consider the rulings of the court in passing on demurrers interposed to these counts. The appellant, in fact, does not insist upon a consideration of the assignments of error relating to the court's action in overruling demurrers to counts 1 and 2, and the appellee concedes in brief filed

that under the evidence introduced the plaintiff's right of recovery is referable to, and must depend solely upon, count A, as the evidence failed to sustain the averments of counts 1 and 2.   Count A is in the following language:

"Plaintiff claims of the defendant the sum of $5,000, for that heretofore on, to wit, the 27th day of May, 1911, the defendant held himself out to the public in Birmingham, Ala., as an undertaker and embalmer of dead bodies for a reward; that on said date the defendant, or his servants, agents, or employees, acting within the line of their employment and authority from the defendant, had charge and control of the dead body of the plaintiff's infant child, aged about two years, for the purpose of preparing the same to be shipped from Birmingham, Ala., to Quinton, Ala., and for such services charged and received from the plaintiff a reward; that the defendant, or one of his said servants, agents, or employees, acting within the scope of his authority, represented to the plaintiff that the said dead body had been embalmed, and that for such services defendant's charges were $7.50, which said amount was then and there paid by the plaintiff, and said servant, agent, or employee, acting as aforesaid, then and there further represented that said dead body so embalmed could be safely withheld from burial for several days.   Plaintiff alleges that said body was not embalmed, and as a proximate consequence thereof, on the day following, to wit, May 28, 1911, the said body began to decompose and foul odors arose therefrom, and plaintiff suffered great mental and physical pain and anguish and great inconvenience and annoyance in and about hurrying up arrangements for the burial of said body, and was greatly mortified at the sight of the dead body of his said child so decomposed, and plaintiff lost the sum so paid

as aforesaid, to wit, $7.50.   Plaintiff alleges that the burial of said child was delayed in reliance upon said representation of defendant's said agents, as aforesaid."

This count is shown by the entire course of the proceeding in the trial court, and the briefs here of counsel for both parties, to have been treated throughout as setting up a contract between the parties, and as seeking a recovery grounded on a breach of duty imposed on the defendant as growing out of the contract; and we treat it in that light and dispose of it on the same theory. —*Peters v. Brunswick-Balke-Collender Co.,* 6 Ala. App. 507, 60 South. 431.

It will be observed from a reading of this count that it does not aver that the plaintiff entered into a contract with the defendant under which it became the duty of the defendant to embalm the dead body of the plaintiff's child; but it does aver that, after the defendant (through its authorized agent) represented to the plaintiff that he had embalmed the body of the child and made a charge for this service, the plaintiff ratified the performance of this service by "then and there" paying the charges demanded for it.   If the service was rendered by the defendant without the request or knowledge of the plaintiff, there was no obligation upon him to pay for it, and he could not have been held liable therefor, as one cannot, except in specially exceptional cases, make another his debtor against the will of the other party.—*Seals v. Edmondson,* 73 Ala. 295, 49 Am. Rep. 51.   But a contract may be formed by an acceptance of the service rendered with knowledge of the performance, although no request had been previously made for a rendition of the service.—*Humes, et al. v. Decatur Co.,* 98 Ala. 461, 471, 13 South. 368.   Under such circumstances a contract between the parties is implied. —*Joseph, Gaboury & Co. v. S. F. & M. Co.,* 99 Ala. 47,

10 South. 327.  The allegations of this count of the complaint construed most strongly against the pleader show no more in this respect than that the defendant, acting through his duly constituted agent, assumed to act for or to represent the plaintiff without authority, or do an act or perform a service for the plaintiff that the defendant was not authorized to do or perform in behalf of the plaintiff, and which the plaintiff had a right to repudiate as creating no binding obligation upon him, but which the plaintiff, with full knowledge of the facts, elected to adopt and ratify by accepting the benefits and paying the price charged for the performance of the service.  When a party has the right to repudiate a contract as unauthorized, or for other sufficient legal reason, yet if he, with full knowledge of all the facts, elect to adopt and ratify the contract and accept the benefits of the performance upon the part of the other party, he is bound by it.—*Wilson, Adm'r, v. Stevens,* 129 Ala. 630, 637, 29 South. 625, 87 Am. St. Rep. 86.  This subsequent ratification is retroactive in its operation, relating back to the time when the acts were performed, or service rendered, and is as binding between the immediate parties as if the contract had been entered into and its terms agreed upon in advance of the performance of the service.  See notes to 2 L. R. A. 810, and cases there cited; *Cook v. Tullis,* 85 U. S. (18 Wall.) 332, 21 L. Ed. 933.  The allegations of the count of the complaint under consideration are sufficient, tested by the proper rule of construction, to show a contract between the parties (by ratification, as pointed out), and to show that there was a breach of duty, owing by the defendant to the plaintiff, based upon or growing out of the contractual relations between the parties.  This breach of duty is clearly shown to be the gravamen of the action declared on, and the court prop-

erly overruled the demurrers to the count, taking the point that the averments failed to show a contract entered into between the parties or the violation or breach of any duty which the defendant owed the plaintiff by virtue of contractual relations existing between them.

Count A stated a cause of action entitling the plaintiff, on proof of the allegations of said count, to recover damages for mental pain and suffering.—*Birmingham Transfer & Traffic Co. v. Still,* 7 Ala. App. 556, 61 South. 611, and authorities there cited.

The mere failure to make proof of part of the damages claimed would not constitute such a material variance between the allegations and proof as to preclude the plaintiff's right of recovery. The particular matters made a basis of claim for damages that were not proven might have been stricken without ridding the complaint of the necessary averments essential to a recovery of damages in the cause of action declared upon. There was evidence before the court to support the substance of the issues with respect to the claim for damages, and therefore no fatal variance.

The matters assigned as error and insisted upon do not show reversible error, and the judgment appealed from will be affirmed.

Affirmed.