# Ineichen *v.* City of Anniston.

### *Violating Municipal Ordinance.*

(Decided June 16, 1914.   Rehearing denied June 30, 1914.
65 South. 710.)

1. *Commerce; Interstate; Municipal Regulation.*—An agent for the sale of pianos representing a principal having its place of business in another state and filling orders taken by the agent, if approved and accepted by the principal, which orders were filled directly by shipping the pianos to the purchaser, was engaged exclusively in interstate commerce and was not required to take out and

[Ineichen v. City of Anniston.]

pay for a license under a municipal ordinance requiring agents for the sale of pianos, to take out and pay such license.

2. *Same.*—Where under the contract for the sale of pianos they were shipped from the seller's place of business in another state direct to the purchaser and the purchaser opened, examined and tested them, and either accepted or declined to accept them, the filling of orders from other purchasers taken by the seller's agent by having him deliver the pianos so rejected by the first purchaser did not constitute an act of intrastate commerce, but was interstate commerce and the agent was not required to take out a license under a municipal ordinance requiring agents selling pianos to take out such license; the opening of the box in which the piano was shipped and the examination and testing thereof by the first purchaser not destroying its character and identity as an original package and not having the effect to incorporate it into the general mass of the property in this state.

APPEAL from Calhoun Circuit Court.

Heard before Hon. HUGH D. MERRILL.

U. S. Ineichen was convicted of violating a municipal ordinance of the city of Anniston and he appeals. Reversed and remanded.

MERRILL & WALKER, for appellant. Under the evidence in this case the defendant was protected by the interstate commerce law and was not subject to license. —*In re Agnew,* Am. Anno. Cases, 1912, see page 76; *State v. Echenrode,* 148 Iowa, 173; 131 N. W. 817; 170 Fed. 449; 104 Am. St. Rep. 283; 181 Fed. 551; 61 N. W. 1001. We think under the facts in this case bring it clearly within the doctrine laid down in the cases of *Stratford v. City of Montgomery,* 110 Ala. 619, and *Lee v. Intendant, etc.,* 153 Ala. 675. The breaking of the original package for examination did not destroy the original character as interstate commerce.—*In re McAllister,* 51 Fed. 286.

S. W. TATE, for appellee. The piano at the time of the sale was not subject to interstate commerce, but was subject to the taxing powers of the city of Anniston because the piano had been mingled with the mass of

[Ineichen v. City of Anniston.]

goods in this state by a sale and delivery to the purchaser, and the breaking of the original package and use of it on his part.—*Leisy v. Hardin*, 135 U. S. 100; *Harrison v. State*, 91 Ala. 62; *Keith v. State*, 91 Ala. 6; *Mayer v. Waring*, 41 Ala. 139; *Wasserbohr v. Boulder*, (Me.) 24 Atl. 808; 117 Amer. & Eng. Encl. L. 2nd Ed., p. 71; *Vernon v. State*, 161 Ala. 83; *Fuqua v. Pabst Brewing Co.*, 90 Tex. 298; *Crystal v. City of Macon*, 108 Ga. 27; *Am. Steel & Wire Co. v. Speed*, 110 Tenn. 524.

THOMAS, J.—The municipal ordinance, for a violation of which defendant was convicted, prohibited the carrying on of any business for which a license was required without first taking out and paying for such license, and among the persons required to take out such a license were dealers in or agents for the sale of pianos or organs.

The defendant, appellant here, admits that he is an agent for the sale of pianos, but contends that the ordinance has no application to him for the reason, as insisted, that he is protected from the payment of the tax levied on account of the fact that in such agency he represents, as appears without dispute, only a non-resident principal, Hallett-Davis Piano Company, whose place of business and factory for the manufacturing of the pianos sold by him, as such agent, is in Boston, Mass., from which point orders taken by him in Alabama for the sale of pianos, in the event they are approved and accepted by his principal when sent in to the home office, are filled by their shipping from such point to the purchaser in Alabama the piano so ordered.

If the facts went no further than as stated, it is clear, under previous adjudications, that defendant is not liable for the tax levied by the ordinance, for in

such event there is no doubt but what he was engaged exclusively in interstate commerce as agent for his nonresident principal.—*Stratford v. City of Montgomery*, 110 Ala. 619, 20 South. 127; *Ware v. Mobile*, 146 Ala. 170, 171, 41 South. 153, 14 L. R. A. (N. S.) 1081, 121 Am. St. Rep. 21; *Stockard v. Morgan*, 185 U. S. 37, 22 Sup. Ct. 576, 46 L. Ed. 785; 17 Am. & Eng. Ency. Law, 66, 67. However, it appears that, although that, as has been stated, was the general custom or practice followed by defendant in taking orders and by the said company in filing such orders, yet in two instances, within the limits of the appellee municipality, this custom or practice was departed from to this extent: Two of such orders so taken by defendant, sent in to, and accepted and approved by, the principal at the home office, were filled, not by shipments direct from the factory, but by having defendant deliver to each purchaser one of two pianos that had been previously and only shortly before sold and shipped from the factory to two other purchasers, respectively, who, after availing themselves of the right allowed by their respective contracts of purchase to open, examine, and test the piano shipped him, had declined to accept it and was holding it subject to the orders of the company at the time that the defendant, by direction of the company, took it up and delivered it to the other purchaser named.

If the opening of the box in which the piano was shipped and the examination and testing of the piano by the first purchaser, who, as seen, was merely a conditional purchaser, did not destroy its character and identity as an original package, and thereby incorporate it into the general mass of the property of this state, then the fact of such opening, examination, and testing would have no bearing on the case, and defendant would not be subject to the tax levied by the ordinance,

[Cooper v. City of Gadsden.]

as the transaction was one of interstate commerce.—
Authorities, supra; *Stratford v. City of Montgomery,
supra; Keith v. State,* 91 Ala. 9, 8 South. 353, 10 L.
R. A. 430; *Tinker v. State,* 90 Ala. 639, 8 South. 814;
*Tinker v. State,* 96 Ala. 115, 11 South. 383; *Harrison
v. State,* 91 Ala. 63, 10 South. 30; *Schollenberger v.
Penn,* 171 U. S. 1, 18 Sup. Ct. 757, 43 L. Ed. 49. We
are not of opinion that such opening, examination, and
testing, under the circumstances stated, destroyed its
character as an original package.—*Wind v. Iler,* 93
Iowa, 316, 61 N. W. 1001, 27 L. R. A. 219; *U. S. v. Five
Boxes Asafoetida* (D. C.) 181 Fed. 561.

It follows that the judgment of conviction must be
reversed, and the cause remanded.

Reversed and remanded.