# Padgett *v.* Gulfport Fertilizer Co.

## *Detinue.*

(Decided November 19, 1914.  66 South. 866.)

1. *Bill of Exceptions; Nature and Character; Form.*—A bill of exceptions having been devised to afford review of errors not apparent on the face of the record, is a formal statement in writing of exceptions taken by a party on the trial to certain rulings of the court, setting out the proceedings, acts, and rulings alleged to be erroneous, together with the objections and exceptions, and signed by the trial judge in accordance with the statutes. ·

2. *Same; Skeleton Bills; Exhibits.*—While the bill of exceptions need not contain a copy of the documents desired to be made a part thereof, yet skeleton bills which are bills containing calls for the insertion by the clerk of the necessary documents, are sufficient under section 3018, Code 1907, although documents cannot be incorporated in a bill of exceptions as exhibits where the calls therefor are not sufficiently definite to identify them, if such documents may in unusual cases, be made a part of the bill in that manner.

3. *Appeal and Error; Harmless Error; Pleading.*—Any error in sustaining demurrers to special pleas is rendered harmless where a defendant has the benefit of the same matter under the general issue, which is pleaded.

4. *Same; Review; Presumption.*—As bills of exceptions are to be construed most strongly against the exceptor, it will be presumed on appeal that the contents of documents which were not properly made a part of the bill did not support the contention of the exceptor.

5. *Charge of Court; Directing Verdict.*—Verdicts cannot be directed where the evidence is conflicting.

6. *Mortgages; Validity; Presumption.*—Where a mortgage was taken by a foreign corporation which had not complied with the statute regulating the right of such corporation to do business in this state, and the mortgage did not show on its face the character of the corporation, or that the transaction out of which it grew was one of intrastate business, the mortgage is presumptively valid, and the person denying its validity has the burden of showing that it arose out of an intrastate transaction.

7. *Commerce; Interstate.*—A mortgage taken by a foreign corporation in an interstate transaction is valid, although the corporation had not complied with the Constitution and statutes governing the right of such corporation to do business in the state.

8. *Same; What Constitutes.*—Where a foreign corporation shipped goods to its agent, and the agent sold the goods in the original package the transaction was an interstate one.

9. *Same; Money.*—Money being a mere medium of exchange, is not an article of commerce, and the lending of money by a foreign corporation cannot become a matter of interstate commerce.

10. *Same; Regulation.*—Police regulation imposed by the statute of a state on the sale of fertilizer are applicable to interstate transactions.

11. *Detinue; Action; Proof.*—The interposition of the plea of the general issue in detinue relieves plaintiff of proving defendant's possession at the time of the institution of the suit, under the direct provisions of Acts 1911, p. 33.

12. *Same.*—Where defendant declined to replevy the property, plaintiff was not under the necessity of proving its value.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Detinue by the Gulfport Fertilizer Company against H. W. Padgett. Judgment for plaintiff and defendant appeals. Affirmed.

J. BLOCKER THORNTON, and CARL MCMAHON, for appellant. The court erred in sustaining demurrers to pleas 2, 3, 4, 5, 7, 8, 9, 14 and 19.—*American A. Co. v. East L. C. Co.*, 56 South. 961; *Hanchey v. So. B. & L. Assn.*, 140 Ala. 245; *Ala. W. R. R. Co. v. Talley-Bates*

*Co.,* 162 Ala. 402; *State v. Bristol Sav. Bank,* 168 Ala. 3; *Farrier v. N. E. M. Co.,* 88 Ala. 275; *Peters v. B. B. C. Co.,* 6 Ala. App. 507; 195 Fed. 342; Sec. 232, Const. 1901; Secs. 3642, et seq., Code 1907. The court erred in sustaining demurrers to plea 10, 11, 15, 16, 21 and 22.— Sec. 32, Code 1907; *Brown v. Adair,* 104 Ala. 652; *Kirby v. Huntsville Co.,* 105 Ala. 529; *Brown v. Raisin Co.,* 124 Ala. 221; *Ala. N. Bank v. Parker,* 146 Ala. 513; *Talladega F. & M. Co. v. F. U. W. Co.,* 6 Ala. App. 506. The court erred in admitting notes marked exhibits A and B. —*Peters v. B. B. C. Co., supra.* On these authorities, it is insisted that the court erred in its other rulings relative to the pleadings and the evidence.

GREGORY L. & H. T. SMITH, for appellee. On the motion to strike the bill of exceptions, counsel make the following insistencies. Charges given or refused and incorporated in other parts of the record cannot be treated as part of the bill of exceptions by a reference thereto in the bill of exceptions.—*Sou. Ry. Co. v. Jones,* 132 Ala. 438, 443; *San Diego Bank v. Goodsell,* 70 Pacific 299. A paper referred to in the bill of exceptions as thereto attached as an exhibit, but not so attached, does not become a part of the bill of exceptions.—*Roberts v. City of Cairo,* 66 S. E. 938; *Keady v. United Rys. Co.,* 108 Pac. 197; *Weaver v. Schumpert,* 168 Fed. 43; *Bruce v. Casey-Swasey Co.,* 75 Pacific 280; *Newton v. Russian,* 85 S. W. 407; *O'Haire v. Burns,* 56 Pacific 1116; *Nosler v. Coosa Bay Navigation Co.,* 63 Pacific 1050. A clerk has no authority to insert anything in the bill of exceptions without specific instructions in the bill of exceptions directing him to do so.—3 Enc. Pl. & Pr., 431; *B. & O. R. R. Co. v. Barnum,* 79 Indiana 261; *A. G. S. R. R. Co. v. Dobbs,* 101 Ala. 219; *Newton v. Russian,* 85 S. W. 407. Where the bill of exceptions describes a paper and ex-

pressly authorizes the clerk to copy it into the bill of exceptions, such paper will be treated as part of the bill of exceptions, provided the description is sufficiently definite, otherwise it will not be so treated.—*Garlington v. Jones,* 37 Ala. 240; *Looney v. Bush,* Minor 413; *Moore, Marsh & Co. v. Penn & Co.,* 95 Ala. 200; *Moore v. Helms,* 77 Ala. 379; *Anniston Mfg. Co. v. Sou. Ry. Co.,* 145 Ala. 351; *Pearce v. Clements,* 73 Ala. 256; *Parsons v. Woodward,* 73 Ala. 348; *Tuscaloosa County v. Logan,* 50 Ala. 503; *Kyle, etc. v. Gadsden Land Co.,* 96 Ala. 376; *Elliott v. Round Mountain, Etc.,* 108 Ala. 640; *Strawbridge v. State,* 48 Ala. 308; *Farmer v. Wilson,* 34 Ala. 75, 77; *Stapp v. Wilkinson,* 80 Ala. 47. On the merits, counsel insist: In a suit in detinue in the Code form, any defense based upon the invalidity of the muniment of the title relied upon by the plaintiff can be made under the general issue.—*Peters v. Brunswick, Etc.,* 6 Ala. App. 507. When the defendant has, under pleas to which no demurrer has been sustained, the benefit of all defenses that he would have had under a plea as to which a demurrer has been sustained, the ruling upon the demurrer will not be reviewed.—*Abingdon Mills v. Grogan,* 167 Ala. 146, 153; *L. & N. R. R. Co. v. McCool,* 167 Ala. 644; *Comer v. Franklin,* 169 Ala. 573; *Zavelo v. Leichman, Goodman & Co.,* 171 Ala. 65; *A. C. & G. A. R. R. Co. v. Ventress,* 171 Ala. 285; *Empire Ins. Co. v. Gee,* 171 Ala. 435. A paper not duly signed as such cannot be treated as a bill of exceptions.—*O'Connell Bros. v. Friedman,* 43 S. E. 1001; *Wellborn v. R. R. Co.,* 17 S. E 672; *Eagle Iron Co. v. McCord,* 152 Ala. 542; *Hutto v. Stough & Hornsby,* 157 Ala. 566; *Hutto & Arnold v. Garner,* 61 South. 477. An interstate transaction had in Alabama by a foreign corporation not qualified to do business in Alabama is valid.—*Ware v. Hamilton Brown Shoe Co.,* 92 Ala. 145; *Culberson v. Am. Trust*

*Co.,* 107 Ala. 457; *Cook v. Rome Brick Company,* 98 Ala. 409; *Parsons Willis Lbr. Co, v. Stuart,* 182 Fed. 779; *Bamberger v. Schoolfield,* 160 U. S. 149. When the failure of a foreign corporation to qualify to do business in Alabama is set up as a defense, the burden is upon the defendant to prove that the corporation is a foreign corporation.—*Cunyus v. Guenther,* 96 Ala. 564; *Colleir v. Davis Brothers,* 94 Ala. 456. This court will presume that the transaction was an interstate transaction, if that was necessary to sustain the rulings of the court, and the contrary is not shown by the record.—*Baker v. Paterson,* 171 Ala. 88; *Fournier v. Black,* 32 Ala. 41; *Barwick v. Rackley,* 45 Ala. 215; *Nelson v. Shelby Mfg. Co.,* 96 Ala. 515; *Lewis Land & R. Co. v. Interstate L. Co.,* 163 Ala. 592; *Lamar v. King,* 168 Ala. 285; *Thomas v. Williams,* 170 Ala. 522; *Sanders v. Steen,* 128 Ala. 633, 634. When the question of title is vigorously litigated in a detinue suit, but defendant offers no evidence to show that he was not in the possession of the property at the time the suit was commenced, very slight evidence of such possession is necessary to justify submitting the case to the jury.—*B'ham. R. L. & P. Co. v. Taylor,* 152 Ala. 105; *Tombigbee Valley R. R. Co. v. Still,* 60 South. 546. In a detinue suit, with a writ of seizure, a levy by the sheriff is not necessary to a recovery.—*Morgan v. Wing,* 58 Ala. 301; *McGlathery v. Williams,* 129 Ala. 247; *Cable Co. Etc. v. Griffitts,* 160 Ala. 315. Where the plaintiff is in possession under a forthcoming bond, evidence of the value of the property is not necessary.— *Dykes v. Clark,* 98 Ala. 657. The laws of Alabama requiring foreign corporations to qualify to do business in this State are not applicable to interstate transactions. —Code of 1907, section 2396; *Ware v. Hamilton Brown Shoe Co.,* 92 Ala. 145; *Culberson v. American, Etc.,* 107 Ala. 457; *Cook v. Rome Brick Company,* 98 Ala. 409;

*Parsons Willis Lbr. Co. v. Stuart,* 182 Fed. 779; *Bamberger v. Schoolfield,* 160 U. S. 149, 167; *Lee v. Intendent and Town Council of LaFayette,* 153 Ala. 675; *Crenshaw v. Arkansas,* 227 U. S. 389; *Leloup v. Port of Mobile,* 127 U. S. 640.

THOMAS, J.—At common law, prior to the enactment of the statute of Westminster (St. 13 Ed. I, c. 3), the only errors reviewable on a writ of error were such as were apparent on the face of the record proper, which consisted of the pleadings, process, verdict, and judgment. Exceptions to the rulings of the court during the progress of the trial, based, as they were, on oral or parol matters, formed no part of the record, and could not therefore be reviewed. With a view of remedying this condition and of providing a means for such review in civil cases, the English statute cited was passed, which is the origin of bills of exceptions, whose functions have now been extended in this and other jurisdictions to criminal cases also.—3 Ency. Pl. & Pr. 373; 2 Mayf. Dig. 480; Code, § 3018, and citations there.

A bill of exceptions may, consequently, be defined as "a formal statement in writing of exceptions taken by a party on the trial to a ruling, decision, charge, or opinion of the trial judge, setting out the proceedings on the trial, the acts and rulings of the trial judge alleged to be erroneous, the objections and exceptions taken thereto, together with the grounds therefor, *and authenticated by the signature of the trial judge."*—Ency. supra; 3 Cyc. 26, 27; Code, § 3018, and citations.

Its character as a record and its verity as such comes from the fact of its approval by the trial judge, which can be evidenced in no other way than by his signature thereto; hence, under the common-law practice, documents that it was desired should be a part of the bill

were required to be written out therein in full before the bill was signed and sealed, upon the theory that otherwise they could not be properly authenticated; annexation of such documents as exhibits, or a reference thereto elsewhere in the record, was insufficient.—Ency. supra, 430, 435; 3 Cyc. 26, 27.

Under modern practice, however, the rigor of these rules has been, to some extent, modified, and it is now generally permissible to omit copying into the bill itself the document that it is desired to incorporate, provided the bill, at the place where it is desired to insert the document, properly describes and identifies the document and contains there a direction to the clerk to so insert it when making out the transcript of the original.—Code, § 3018, and cases cited; Ency. supra, 430, and cases cited; 3 Cyc. 26, 27. Such a bill is termed a skeleton bill, and the documents so referred to, and set out as a part of the bill in the transcript of it, become, for purposes of review on appeal, a part of the bill of exceptions. To have this effect, however, the documents so directed by the judge to be copied and incorporated into the transcript of the bill must, before the bill is signed, be so clearly referred to therein and be so definitely identified by their date, name of parties, amount, or other identifying features as, in the language of our Supreme Court, "to leave no room for mistake in the transcribing officer."—*Looney v. Bush,* Minor, 413; Ency. supra; Code, § 3018, and cases cited. And it is held that it is not enough that it be so described that the clerk of the court serving at the time the case was tried could insert it without room for mistake, but it must be so described that a succeeding clerk could transcribe it without room for mistake.—*Parsons v. Woodward,* 73 Ala. 348; *Kyle v. Gadsden Land Co.,* 96 Ala. 376, 11 South. 478; *Quigley v. Campbell,* 12 Ala. 58; *Pearce v. Clem-*

*ents,* 73 Ala. 256; *Decatur Branch Bank v. Mosely,* 19 Ala. 222; *Stodder v. Grant,* 28 Ala. 416; *Bradley v. Andress,* 30 Ala. 80; *Farmer v. Wilson,* 34 Ala. 75; *Garlington v. Jones,* 37 Ala. 240; *Tuskaloosa County v. Logan,* 50 Ala. 503.

Under this practice, while the bill leaves the hands of the trial judge as a skeleton bill, containing merely a reference to and description of the documents, together with a direction, at appropriate places therein, to the clerk to insert, as "[Clerk, here insert]," yet, when the bill comes before the reviewing court, it comes transcribed in its completed form, with the insertions made as directed, so that the reviewing court is not required to look beyond its four corners to ascertain its contents.

In the present case, the bill omits setting out the documents—some 30 odd—and likewise omits any direction to the clerk to insert them in the bill, but seeks to make the documents a part of the bill by a statement in the bill that they are thereto attached, marked "Exhibit A," "Exhibit B," etc. In the transcript before us, at a place immediately following the bill, is what purports to be a transcript of these numerous documents so marked as exhibits. Motion is made by the appellee to strike them on two grounds, to wit: First, that under the law they cannot be made a part of the bill by attaching them to it merely as exhibits, but that it is necessary either that they be set out in the bill before it is signed, or that the bill before it is signed contain a direction to the clerk to insert them therein in making out the transcript, and that unless so inserted in pursuance of such direction, they are extraneous matter that cannot be considered as a part of the bill; second, that even if the practice of attaching them as exhibits is permissible, they are not described in the bill here with definiteness sufficient for

us to be able to tell that the documents called for by the bill are the same as those attached as exhibits.

Being of opinion that there is merit in the second proposition renders it unnecessary to consider the first, though in passing we wish to say at least with respect to it that, even if the law now permits documents to be made parts of bills of exceptions by attaching them merely as exhibits to the bill, it is a method which is certainly not to be commended. A bill of exceptions is a judge-made record, gaining, as before said, its character from his approval, which must be verified by his signature. It is of the utmost importance that its integrity be jealously guarded, and that its certainty be cautiously preserved, for upon it rests, to a large extent, the law's protection for the most sacred of human rights with which it deals—life, liberty, and property. When documents are made part of the bill by being attached thereto as exhibits, it opens a wide door for fraud and mistake, for in such case there is nothing to prevent the detachment of such exhibits from the bill after it leaves the hands of the trial judge and the substitution of others for them, correspondingly marked "Exhibit A" or "Exhibit B," etc., before the clerk makes out the transcript, thereby occasioning a necessity for courts of review to resolve themselves into a jury and constantly engage in hearing evidence pro and con for the purpose of determining, with uncertainty at best whether or not a particular document that is copied into the transcript as an exhibit to the bill of exceptions is the real exhibit that was attached to the bill at the time it was signed—in other words, whether what purports to be the record in this respect is or is not the record. Without condemning in toto a practice which would lead to such results and which would impair to some extent the integrity and certainty of bills of exceptions, opening them

to parol attack and entailing unnecessary burdens on
the reviewing court, we wish to express our disapproval
of it, and to suggest that it would be more in keeping
with our idea of the aim of the law if the bill, when it
reaches us, is complete within its four corners and fur-
nishes no occasion to look beyond these for its contents.
It is certainly inconvenient, to say the least, for us to
do so and require an unnecessary consumption of time,
even when there is no dispute as to the correctness of
the exhibit.  By what we have said we do not mean to
intimate that there has been any fraud practiced or at-
tempted by counsel in the present case with respect to
the exhibits, or otherwise.  Their known high character
is such as to furnish sufficient guaranty that such would
never be done by them.  The suggestions we have thrown
out were merely for the purpose of indicating why as a
general proposition we do not approve the method adopt-
ed here in preparing bills of exceptions.  We are un-
willing, however, at this time to commit ourselves to
the broad doctrine, insisted upon by appellant in such
first contention, to the effect that in no event is it per-
missible to make a document a part of a bill of excep-
tions by attaching it as an exhibit, because we are aware
that sometimes maps or photographs or other like doc-
uments are introduced in evidence and made a part of
the bill of exceptions, which the clerk in making a tran-
script of would have to get independent assistance and
could not conveniently, to say the least, insert at an
appropriate place in the transcript of the bill of ex-
ceptions, but might have to let the copy of it as made
by some other person on transcript paper follow, as
an exhibit, the bill in the transcript.  Even then it seems
to us that the exhibit should be identified by having the
signature of the trial judge written on or across it at
some place, and be so referred to in the bill of excep

tions, which should also otherwise describe it as requir-ed in the cases cited. Hence, having thrown out a "beware" signal, we leave to future determination the question as to whether documents may be made part of a bill of exceptions by being attached as exhibits.

The second contention of appellant must, in the light of the authorities hereinbefore last cited, prevail, as said, and all of the exhibits will therefore be stricken, because none of them are sufficiently identified in the bill of exceptions.—Authorities supra.

The action is one of detinue, to which the defendant pleaded the general issue and some 21 special pleas, at-tempting in each to assert as a defense, in varying phraseology, one or the other of the following three grounds, upon which it was alleged that the mortgage which plaintiff was alleged to rely upon for recovery was void, to wit: (1) That the consideration of said mortgage was the purchase price of certain fertilizers sold and delivered to defendant by plaintiff, and the transaction was one of intrastate business, and that the plaintiff was at such time a nonresident corporation, and had not then complied with the Constitution and statutes of this state (Const. § 232; Code, § 3642 et seq.) so as to authorize it to do business here; (2) that at the time the plaintiff sold and delivered to the de-fendant the said fertilizers, to secure the purchase price of which the said mortgage was given, the plaintiff had not secured from the State Commissioner of Agricul-ture and Industries, as required by sections 25 and 6884 of the Code, a license to sell or deal in fertilizers; (3) that the bags or sacks containing the said fertili-zer so sold and delivered to defendant, forming the con-sideration of said mortgage, were not tagged as requir-ed by General Acts 1911, p. 367, and section 6881 of the Code. The court sustained demurrers to each of

[Padgett v. Gulfport Fertilizer Co.]

these special pleas, and the trial was had upon the plea
of the general issue.

It is needless to consider whether or not these pleas
were defective on grounds as pointed out in the demur-
rers; for, even assuming that they were not upon either
of such grounds and that it was error, therefore, to sus-
tain the demurrers, there was no injury, for the reason
that under the plea of the general issue the defendant
got the benefit of each of such defenses.—*Peters v.
Balke-Collender Co.,* 6 Ala. App. 507, 60 South. 431.
Besides, it occurs to us, though it is not necessary here
to so decide, that in this character of action, detinue, a
plea of the general issue is the proper way to set up
such defenses, since as a general proposition it puts in
issue the validity of any title upon which plaintiff
might rely for recovery. It is a denial of his cause of
action, and it would seem that, if it developed from the
evidence that the plaintiff relied for recovery solely on
a mortgage, and that for any reason such mortgage was
void, or, if once valid, had ceased to be of efficacy as a
result of payment or otherwise, then plaintiff could not
recover.—Code, § 5331; *Carlisle v. People's Bank,* 122
Ala. 446, 26 South. 115; *Snellgrove v. Evans,* 145 Ala.
600, 40 South. 567; *Wellden v. Witt,* 145 Ala. 612, 40
South. 126; *Pinchard v. Bramlett,* 165 Ala. 330, 51
South. 557. However, we refrain from a decision upon
the question.

The plaintiff offered evidence, which was not disput-
ed, tending to show both that the sacks or bags contain-
ing the fertilizers were tagged, and that the plaintiff
had, at the time of the sale, taken out and procured
from the State Commissioner of Agriculture and Indus-
tries, as required by law, a license to sell such fertili-
zers. There was no evidence, however, tending to show
that the plaintiff had ever qualified as a foreign cor-

poration to do business in this state; but such evidence
was not essential to the plaintiff's right of recovery un-
less and until it appeared from the evidence, not only
that the plaintiff was a foreign corporation, but also
that the transaction or sale, out of which arose the
mortgage through which it asserted title to the prop-
erty sued for, was one of intrastate business. If the
transaction or sale was one of interstate commerce,
then, although the plaintiff was a foreign corporation,
it was not necessary to the validity of the mortgage that
plaintiff should have complied with said section 232 of
the Constitution and said sections 3642 et sequitur of
the Code.—*Ewart Lumber Co. v. Am. Cement Plaster
Co.,* 9 Ala. App. 156, 62 South. 560, and cases there cited.
And, unless such mortgage, as introduced by the plain-
tiff, disclosed on its face both that the plaintiff was a
foreign corporation and that the transaction out of
which it grew was one of intrastate business, then pre-
sumptively the mortgage was valid—so far, at least, as
involved this proposition—and the burden would, in
such case, rest upon the defendant of overcoming that
presumption, and thereby of showing the invalidity of
the mortgage in this particular, by establishing the
facts stated, and, when so established, the burden would
then shift to the plaintiff, if it desired to avoid their
vitiating effect upon the contract, to show a compli-
ance with the sections of the Constitution and statutes
last cited.—*Cunyus v. Guenther,* 96 Ala. 564, 11 South.
649; *A. U. Tel. Co. v. W. U. Tel. Co.,* 67 Ala. 26, 42 Am.
Rep. 90; *Culberson v. Am. Trust Co.,* 107 Ala. 457, 19
South. 34; *Collier v. Davis Bros.,* 94 Ala. 456, 10 South.
86; *Noble v. Mitchell,* 100 Ala. 519, 14 South. 581, 25
L. R. A. 238; *Hall v. Tanner,* 91 Ala. 363, 8 South. 348;
*Russell v. Jones,* 101 Ala. 261, 13 South. 145; *Armour*

*Pck. Co. v. Vinegar Bend Lumber Co.,* 149 Ala. 205, 42
South. 866, 13 Ann. Cas. 951.

The mortgage is not before us, it being one of the
many papers hereinbefore referred to as being attached
to the bill of exceptions as exhibits, all of which, as be-
fore ordered, have been stricken therefrom as forming
no part thereof. But, since bills of exceptions are to be
construed most strongly against the exceptor (*Hauser v.
State,* 6 Ala. App. 31, 60 South. 549), it will be presum-
ed that the contents of such mortgage were not favor-
able to appellant's contention in the particulars men-
tioned—a presumption, we may add, which is fortified by
the facts of the case, if the said exhibit attached to the
bill as purporting to be a copy of said mortgage is in
fact a copy, but which, for reasons stated, we cannot so
regard or consider. There seems, however, to have been
no dispute but what plaintiff was a foreign corporation
—in fact, such was practically admitted on the trial—
but the defendant's evidence as to the character of the
sale or transaction out of which the mortgage arose
(even if we concede, which we do not so decide, that
such evidence was sufficient, if unrebutted, to author-
ize a finding by the jury that such sale or transaction
was one of intrastate business) was rebutted by evi-
dence for the plaintiff tending to show that such sale or
transaction was purely an act of interstate commerce
(*Ewart Lumber Co. v. Am. C. & P. Co.,* 9 Ala. App. 152,
62 South. 560, and cases cited; *Stratford v. City Coun-
cil,* 110 Ala. 619, 20 South. 127; *Lee v. Town of La.
Fayette,* 153 Ala. 679, 45 South. 294; *Miller v. State,*
7 Ala. App. 183, 62 South. 307); consequently the court
did not err in refusing the general affirmative charge
requested by appellant upon any theory to the con-
trary.

The other special charges requested by and refused to the appellant, if not abstract as applied to the particular transaction here involved, were yet defective as a statement of the law of the case, in that each ignored at least one material element, necessary with the facts hypothesized in the charge to constitute the sale one of intrastate business, and that was that the fertilizers were not sold in the original packages in which they were shipped by plaintiff to its agent, Cook.—*Keith v. State,* 91 Ala. 2, 8 South. 353, 10 L. R. A. 430; *Tinker v. State,* 96 Ala. 117, 11 South. 383; *Ineichen v. City of Anniston,* 10 Ala. App. 605, 65 South. 710, and cases cited in each of the foregoing cases; *Ewart Lumber Co. v. Am. C. & P. Co.,* 9 Ala. App. 156, 62 South. 560.

The case of *Peters v. Balke-Collender Co.,* 6 Ala. App. 507, 60 South. 431, cited us by appellant, does not disclose the facts upon which the decision was rested, and we will presume, in support of the correctness of that authority, that the facts it dealt with were not dissimilar in legal aspect to those upon which the cases it cited were predicated, most of which dealt with contracts growing out of a loan of money by a foreign corporation to a resident of this state. Money, unlike commercial fertilizers, is not an article of commerce, but is merely a medium of exchange, and the loaning of it by a foreign corporation to a resident of this state does not, like a sale of articles of commerce, constitute interstate commerce, or fall within the protective provisions of the commerce clause of the federal Constitution.—*Nelms v. Edinburg Am. Land Mort. Co.,* 92 Ala. 161, 9 South. 141. The other cases cited in *Peters v. Balke-Collender Co., supra,* not involving a loan of money, as well as the many cases cited in appellant's brief, are so clearly and easily to be differentiated from the one here upon grounds similar to those stated as not to require discus-

sion. Of course, foreign corporations, as well as individuals, are required to comply with the laws of this state as to obtaining a license to sell fertilizers and as to tagging them, whether the act of sale happens to be an interstate or an intrastate transaction. The validity of such statutes as police regulations rests upon a different basis from the former, and is applicable alike to each character of transaction, provided the sale of the fertilizers is made in this state. See cases cited under sections 24 and 32 of the Code. The proof, as before said, showed, however, a compliance with each of such latter statutes.

Our statute (Gen. Acts 1911, p. 33) has abrogated the common-law rule entailing upon a plaintiff in detinue, when the general issue is pleaded by defendant, the duty of proving the possession by defendant of the property at the time of the commencement of the suit. Such plea is, since the statute cited, an admission by defendant of such possession, and relieves the necessity for any such proof. The court consequently did not err in refusing the affirmative charge, requested on the basis of the absence of such proof, or in overruling appellant's motion, predicated on such ground, to exclude all of plaintiff's evidence. Nor in this case was it necessary for the plaintiff to prove the value of the property sued for, since it appears that at the time of the trial it was in plaintiff's possession under the statutory bond—the defendant having declined to replevy the property.—*Jones v. Pullen,* 66 Ala. 306; *Dykes v. Clarke,* 98 Ala. 657, 13 South. 690; *Barnhill v. Howard,* 104 Ala. 417, 16 South. 1.

What we have said, in connection with the authorities we have cited, is sufficient, without the necessity for further discussion, to indicate the reasons of our

conclusion that there is no merit in the other conten-
tions of appellant.

The judgment is affirmed.

Affirmed.