76 So.2d 171

.MOTORS INSURANCE CORPORATION

v.

Medford Frank STEWART et al.

2 Div. 342.

Supreme Court of Alabama.

Dec. 2, 1954.

Grady W. Hurst, Jr., Chatom, for appellees.

Zack Rogers, Jr., and Thompson & Gilmore, Butler, for appellant.

LAWSON, Justice.

On October 13, 1952, Herron Pontiac Company of Meridian, Mississippi, sold a 1952 Pontiac automobile to Medford Frank Stewart, of Toxey, Choctaw County, Alabama, under a conditional sale contract. As a part of the transaction Motors Insurance Corporation issued its policy of insurance insuring the automobile against fire and also against "collision or upset."

The front part of the automobile was damaged to some extent when it came in contact with the side of a bridge on the night of January 29, 1953. The accident occurred some time between ten o'clock and midnight at a point approximately one-half mile north of Stewart's home. Three persons were in the automobile at the time of the accident, two colored men and Stewart, who was driving.

Damage to the automobile was of such a nature that the three men could not remove it from the bridge. After Stewart reached his home he was notified that a highway patrolman and others had removed the automobile from the bridge and had placed it on the shoulder of the road. The automobile was practically consumed by fire early on the morning of January 30, 1953, a short time after it was placed on the shoulder of the road.

This suit, filed in the circuit court of Choctaw County by Medford Frank Stewart and General Motors Acceptance Corporation against Motors Insurance Corporation, followed the events to which we have referred.

There are two counts in the complaint. In the first count recovery is sought for damage to the automobile alleged to have been caused by the fire. In that count the plaintiffs claim the sum of $3,500. In the second count the claim of $500 is based on loss alleged to have resulted to the automobile when it collided with another object.

With its demurrer overruled, the defendant filed a number of pleas—the general issue and special pleas, including a plea which confesses liability under the second count of the complaint to the extent of $245.64.

The jury returned a verdict in favor of the plaintiffs on both counts, fixing damages under Count 1 at $2,354.36. As to Count 2 damages were awarded in the amount which defendant admitted was due. Judgment followed the jury verdict.

Motion for new trial filed by the defendant having been overruled, it has appealed to this court.

We will treat here only those assignments of error which are adequately argued in brief filed on behalf of appellant, defendant below. Simmons v. Cochran, 252 Ala. 461, 41 So.2d 579; Calvert v. Bynum, 255 Ala. 172, 50 So.2d 731.

Form 13, Section 223, Title 7, Code 1940, is framed for a suit on a policy of fire insurance. That form is properly used in declaring upon a policy insuring an automobile against damage by fire. Union Marine Ins. Co. v. Charlie's Transfer Co., 186 Ala. 443, 65 So. 78; Globe & Rutgers Fire Ins. Co. v. Home Investment & Loan Corp., 226 Ala. 275, 146 So. 610. Such form is also used properly in declaring upon a policy insuring an automobile against loss by collision. Yorkshire Ins. Co. v.

Bunch-Morrow Motor Co., 212 Ala. 588, 103 So. 670. Form 13, supra, contains no averment of property or insurable interest, hence no such averments need appear where the declaration is substantially in the language of the form. § 223, Title 7, Code 1940; Commercial Fire Ins. Co. v. Capital City Ins. Co., 81 Ala. 320, 8 So. 222.

Both counts are substantially in the language of Form 13, supra, and were sufficient against the ground of demurrer taking the point that the counts failed to contain averments showing the insurable interest of the plaintiffs. Commercial Fire Ins. Co. v. Capital City Ins. Co., supra. That is the only ground of demurrer argued here; hence the other grounds will not be considered. Conner v. State ex rel. Perry, 211 Ala. 325, 100 So. 474.

■ The trial court did not err in sustaining plaintiffs' demurrer to defendant's plea 5, which reads:

"The Defendant says that the policy of insurance sued on contained the following provisions:

" 'Insured's Duties When Loss Occurs

When loss occurs, the insured shall: (a) protect the automobile, whether or not the loss is covered by this policy, and any further loss due to the insured's failure to protect shall not be recoverable under this policy; reasonable expense incurred in affording such protection shall be deemed incurred at the company's request.'

"The Defendant says that the Plaintiff, Medford Frank Stewart, after loss occurred to the automobile, negligently failed to protect the said automobile from the fire loss as alleged in the Plaintiffs' complaint in Count (1) one thereof, and as a proximate cause and direct consequence thereof the fire loss was sustained to the automobile. Wherefore, Defendant says that Plaintiffs have breached said condition of the policy and are not entitled to recover any amount for loss under Count (1) one of the complaint."

Plea 5 was subject to the demurrer assigned for the reason that it does not advise the plaintiffs what the defendant claims Stewart should have done and which he negligently failed to do to save and preserve the automobile. Home Ins. Co. v. Jones, 231 Ala. 484, 165 So. 211.

Defendant's plea 6 is in the exact language of plea 5 except it is alleged therein that after the loss occurred to the automobile (collision). Stewart "wantonly, willfully or intentionally" failed to protect the automobile from the fire loss. This plea contains the same defect as plea 5 and plaintiffs' demurrer thereto was properly sustained.

■ Under pleas 5 and 6, as amended, the defendant was permitted to make proof of all matters of defense set up, or attempted to be set up by pleas 5 A and 6 A, and, if there was error in the ruling of the court sustaining plaintiffs' demurrer to the last-mentioned pleas, it was without injury. Aplin v. Dean, 231 Ala. 320, 164 So. 737; American Nat. Bank & Trust Co. v. Banco Nacional De Nicaragua, 238 Ala. 128, 189 So. 191; Inter-Ocean Casualty Co. v. Anderson, 245 Ala. 534, 17 So.2d 766; Life Ins. Co. of Virginia v. Hanback, 250 Ala. 643, 35 So.2d 696; Peters v. Brunswick-Balke-Collender Co., 6 Ala.App. 507, 60 So. 431; Padgett v. Gulfport Fertilizer Co., 11 Ala.App. 366, 66 So. 866.

■ Without waiving its demurrer to defendant's original pleas 5 and 6, the plaintiffs filed five replications to those pleas, along with replications to the other pleas. After demurrer was sustained to its pleas 5 and 6, the defendant, on October 28, 1953, filed its amended pleas which we referred to in the preceding paragraph as pleas 5 and 6 as amended. It does not appear from the record before us that defendant's pleas 5 and 6 as amended were assailed by demurrer or that replications were filed or refiled thereto.

The defendant argues here that because of plaintiffs' failure to make replication to pleas 5 and 6 as amended, the defendant was entitled to an affirmative instruction

as to Count 1 of the complaint and that the refusal of such charge by the trial court constitutes reversible error. We cannot agree for the reason that the case was tried upon the theory that issue had been taken by the plaintiffs on those pleas. Evidence was offered by plaintiffs without objection for the purpose of refuting the defendant's contention that Stewart had failed to protect the automobile after it was run into the side of the bridge. The trial court in its oral charge instructed the jury, without objection, as to that issue and gave written charges 15 and 17 at the request of the defendant wherein the jury was instructed as to that issue.

It appearing that the cause was tried upon the theory that issue had been joined and the trial court having submitted the issue to the jury, on appeal this court will treat the issue likewise and as in all manner correctly presented. This is in accord with the uniform ruling. George D. Witt Shoe Co. v. Mills, 224 Ala. 500, 140 So. 578, and cases cited; O'Bar v. Southern Life & Health Ins. Co., 232 Ala. 459, 168 So. 580. See Comer v. Way, 107 Ala. 300, 19 So. 966.

■ The plaintiffs were not compensated twice for the same property. The tendencies of the evidence for the plaintiffs were to the effect that prior to the collision the automobile was worth at least $2,900. The jury awarded plaintiffs the sum of $2,600 for damage resulting from the fire as well as that caused by the collision.

■ On the direct examination of defendant's witness Philon, his testimony was adverse to the defendant. On a suggestion of surprise in his testimony, defendant freely examined the witness touching statements claimed to have been recently made contradictory of his testimony on the stand. On three occasions he denied making such statements and adhered to his adverse testimony. Defendant offered to prove such contradictory statements. This evidence was properly refused. Alabama Power Co. v. Hall, 212 Ala. 638, 103 So. 867; Louisville & N. R. Co. v. Scott, 232 Ala. 284, 167 So. 572, and cases cited.

The main defense relied upon in the trial below was that Stewart wilfully burned the automobile with the intention to defraud the defendant, or that Stewart caused the automobile to be burned.

■ Counsel for defendant below argues with much earnestness that as to Count 1 of the complaint the verdict was contrary to the great weight of the evidence and that the trial court erred in not granting a new trial on that ground.

There was absolutely no direct evidence tending to connect Stewart with an intentional burning of the automobile and the evidence on his behalf is to the effect that he had nothing to do with the burning.

We see no reason to set out the evidence in detail, but we have considered it with painstaking care. We cannot affirm that the preponderance of the evidence against the verdict is so decided as to clearly convince us it is wrong and unjust. We do not feel authorized to reverse the judgment of the trial court in refusing a new trial. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Bell v. Nichols, 245 Ala. 274, 16 So.2d 799; Gulf, M. & O. R. Co. v. Sims, 260 Ala. 258, 69 So.2d 449.

The argued assignments of error being without merit, the judgment of the lower court is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.